Elaine Wahlberg BARNES,
Respondent-Plaintiff,

v.

Jerry Lee YORK and Diana J. York,
Appellants-Defendants.

No. 36139.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 12, 1975.

Rendlen & Rendlen, Hannibal, for appellants-defendants.

J. Wm. Holliday, Kahoka, for respondent-plaintiff.

STEWART, Judge.

Defendants appeal from the summary judgment entered against them on a promissory note. Judgment was in the sum of $2,099.94, interest in the sum of $1,902.86, and attorney fees of $490.00.

Plaintiff's petition alleged that defendants executed their promissory note to plaintiff in the sum of $3,306.00; that the note was given for the purchase of a Pontiac automobile; that 4 payments of $100.00 had been made; that there was due and owing $2,906.00 with interest at the rate of 7% per annum. Attached to the petition there are two versions of the note on printed forms which show "Fred Barnes-Asher's Implement" as payee. On one of the notes

Fred Barnes-Asher's Implement has been lined out and plaintiff's name written in its place. On the second note only Asher's Implement has been stricken and plaintiff's name inserted.

Only defendant Jerry York filed an answer. He admitted that he had executed a note as described which was payable to Fred Barnes and denied that plaintiff was the lawful holder and alleged that the note had been altered subsequent to signing. By way of further affirmative defense the defendant alleged payment.

Defendant, Jerry York, by his attorney, filed a motion for summary judgment to which one William O. Green certified under oath the facts stated in the motion were true and correct to his best knowledge and belief. The motion alleged payment and release of the lien upon the automobile. A reply affidavit executed by plaintiff's attorney upon personal knowledge stated that the signature on the release of lien purporting to be that of Elaine Wahlberg was not her true signature and that the books of accounts kept by Fred Barnes, co-owner of the note, contained no evidence that payment had been made on the note. This motion for summary judgment was overruled and the cause was set for trial. Prior to the trial setting the attorney for Jerry York withdrew.

Subsequently a motion for summary judgment was filed by the plaintiff, supported by affidavit of J. William Holliday, plaintiff's attorney of record reading as follows:

*"AFFIDAVIT FOR SUMMARY JUDGMENT FOR PLAINTIFF*

J. William Holliday, being duly sworn, deposes and says:

1. That he is the attorney for Plaintiff in the above-entitled action.

2. That this action is brought to recover from a note which is described in the petition filed in said case.

3. That Defendants above-named have served their answer to Plaintiff's complaint.

4. That a copy of said promissory note is attached to the original petition filed in said case.

5. That the rate of interest on the original note is not apparent on the face of the note; that the Revised Statutes of Missouri provide for interest at the rate of 6% per annum on obligations that do not provide for interest.

6. That the original note is now in possession of Plaintiff and bears the signature of Defendant Jerry York as maker.

7. That deponent believes that Defendant has absolutely no defense to the cause of action set forth in the complaint. By his answer, Defendant admits the execution and delivery of said note; that although Defendant denies that Plaintiff is the holder in due course of said note by petition, that Defendant has admitted that Plaintiff is the holder in due course by his Motion for Summary Judgment filed in this case.

8. That the said J. William Holliday has often made demand for payment on behalf of Plaintiff, and that Defendant does not dispute that demand for payment has been duly made.

9. That there is absolutely no defense to this action and deponent believes that the answer interposed herein and the subsequent pleadings filed herein by Defendant were imposed merely for the purposes of delay and harassment."

Neither defendant filed a counter affidavit.

Plaintiff served notice on the defendant's former attorney of the setting of the motion for summary judgment for February 5, 1974 and on that date summary judgment was entered by the court against both defendants.

It has been well said most recently that "In ruling on a motion for summary judgment it is the duty of the trial court in the first instance, and it becomes our duty on appeal to scrutinize the record in the light most favorable to the party against whom the motion was filed and the judgment was rendered and to accord to such party the benefit of every doubt. The burden is, of course, upon the movant to show by unassailable proof that there is no genuine issue of fact and that the movant is entitled to judgment as a matter of law." *Hurwitz v. Kohm*, 516 S.W.2d 33, 36 (Mo.App.1974).

In determining whether or not there was a genuine issue as to any material fact the court is required to consider all of the pleadings, all depositions, all admissions on file, together with all affidavits filed by the parties. *Gasen's Drug Stores, Inc. v. Jones Enterprises, Inc.*, 388 S.W.2d 495, 500 (Mo. App.1965). Before we review the file for those matters which the court must consider, we feel it appropriate to spotlight that portion of Rule 74.04(e) reading as follows:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ."

Setting plaintiff's affidavit against the rule it does not appear that her attorney had personal knowledge of any of the matters set forth in the petition or that he would be competent to testify as a witness on behalf of plaintiff with respect to any of the matters contained in the petition and affidavit.

The only allegation respecting the defendant's defense of payment is the statement in paragraph 7 "that deponent believes that defendant has absolutely no defense to the cause of action set forth in the complaint", and the statement in paragraph 9 "that there is absolutely no defense to this action and deponent believes that the answer interposed herein and the subsequent pleadings filed herein by Defendant were imposed merely for the purposes of delay and harassment". These assertions are merely conclusions and not sufficient to sustain a motion for summary judgment. *Stoffel v. Mayfair-Lennox Hotels, Inc.*, 387 S.W.2d 188, 192 (Mo.App.1965). This affidavit cannot support the judgment entered in this case.

We look next to the plaintiff's affidavit on file in reply to the affidavit in support of defendant's motion for summary judgment. This affidavit was executed by plaintiff's attorney and states that the facts are within his personal knowledge. Aside from ethical considerations,[1] plaintiff's attorney would be competent to testify.[2] In the affidavit the witness states that plaintiff did not sign the lien release and that the books of account of Fred Barnes failed to show evidence of payment. A review of the release offered by Jerry York in an affidavit filed with the court does not purport to bear the signature of plaintiff but bears the signature of plaintiff by Fred Barnes who is referred to in this affidavit as the co-owner of the note. Plaintiff does not challenge the authority of Fred Barnes. The fact that the release might be invalid does not amount to "unassailable proof" of nonpayment, nor does the fact that the books of account of Fred Barnes fail to

---

1. Rule 4. DR 5–101, DR 5–102.

2. "Attorney's affidavits are governed by the same rules as apply to the admissibility of other affidavits, . . . Thus, an attorney's affidavit is admissible only to prove facts that are within his personal knowledge and as to which he is competent to testify . . . Expressing an even more restrictive view in one patent case, Judge John R. Brown of the Fifth Circuit questioned the propriety of an attorney serving as the vehicle for putting facts, even those within his personal knowledge, before the court." 10 Wright & Miller, Federal Practice and Procedure: Civil § 2738, pp. 699–702.

show payment of the note constitute unassailable proof of nonpayment. Plaintiff's affidavits failed to negate the defense of payment raised by defendant Jerry York, there is thus a material issue of fact in controversy and the judgment against Jerry York must be reversed.

Having reached this conclusion there is no need to discuss the defense of alteration of the instrument.

In the joint brief filed by the defendants it is further suggested that plaintiff's claim against Diana York has been abandoned. This issue was not presented in the "Points Relied On", and we are cited to no authority for so holding. We conclude that the claim against Diana York has not been abandoned, but the summary judgment against her must also be reversed.

■ If Jerry York had paid the note in full, plaintiff could not recover against Diana York. § 400.3–603(2) R.S.Mo.1969. Diana York did not file an answer to plaintiff's petition, and thus did not herself raise the defense of payment. This defense is not personal to Jerry York. The defense of payment of the note inured to the benefit of Diana York, and because it was not negated by plaintiff summary judgment may not be rendered against her. *Electrolytic Chlorine Co. v. Wallace & Tiernan Co.*, 328 Mo. 782, 41 S.W.2d 1049 (1931).

■ Defendant Jerry York also suggests that the trial court erred in overruling his motion for summary judgment. This point is not before us for review. The overruling of a motion for summary judgment is not an appealable order. *Parker v. Wallace*, 431 S.W.2d 136, 137–138 (Mo.1968); *Barnett v. Barnett*, 413 S.W.2d 1, 2 (Mo.App.1967).

After notice of appeal was filed in this case plaintiff filed a motion pursuant to Rule 84.19 for damages for frivolous appeal. The fact that we are reversing the judgment against defendants necessarily results in the denial of that motion.

The judgment against the defendants is reversed and the cause remanded for further proceedings.

CLEMENS, P. J., and KELLY, J., concur.