Lynda Beth KAUFMAN, a minor, Deborah Ann Kaufman, a minor, by and through Alan L. Kaufman, Guardian of Lynda Beth Kaufman and Deborah Ann Kaufman, Appellants-Plaintiffs,

v.

Michael BORMASTER, Individually and as Trustee Under Trust Agreement of Ben Bormaster, Dated January 2, 1969, Respondent-Defendant.

No. 40185.

Missouri Court of Appeals, Eastern District, Division Four.

April 8, 1980.

Lewis, Rice, Tucker, Allen & Chubb, J. L. Pierson, Richard B. Rothman, Roger P. Balog, St. Louis, for appellants-plaintiffs.

Kenneth J. Rothman and Fred Roth, Clayton, for respondent-defendant.

SATZ, Judge.

Plaintiffs, Lynda Beth Kaufman and Deborah Ann Kaufman, are the grandchildren of Ben Bormaster who died testate on November 8, 1969. Defendant, Michael Bormaster, is Ben Bormaster's son. On January 2, 1969, Ben Bormaster executed a Trust Agreement creating a trust which was to receive the assets of his residuary estate upon his death. He appointed himself and defendant Michael Bormaster, as co-trustees of this trust, and the Trust Agreement permitted Ben Bormaster to amend this trust "by a written instrument, signed, *acknowledged* and delivered to" his co-trustee, the defendant. (Emphasis Added). The Trust Agreement authorized distribution of one-half of the trust assets to plaintiffs and one-half to defendant. On July 19, 1969, Ben Bormaster purportedly amended the trust by directing distribution of the entire trust assets to defendant.

In Count I of a three Count petition, plaintiffs seek, among other relief, a declaration that the purported amendment to the trust was void. As the bases for this relief, plaintiffs allege that the purported amendment was not acknowledged as required by the Trust Agreement, that defendant exerted undue influence over Ben Bormaster to secure the amendment and that Ben Bormaster lacked the mental capacity to execute the amendment. Plaintiffs and defendant filed motions for summary judgment on Count I directed solely to the issue of acknowledgment. In their motion, plaintiffs contended the amendment was void because it was not acknowledged as required by the Trust Agreement, and, in his motion, defendant contended the amendment was valid even though not so acknowledged because the trustee may and did waive the required acknowledgment, lack of acknowledgment did not invalidate the amendment as between these parties and Missouri law seeks to enforce the actual intent of the grantor. The trial court denied plaintiffs' motion, granted defendant's motion and dismissed Count I of the petition with prejudice. Subsequently, the court "deemed" its "order . . . final and appealable . . . within § 512.020 RSMo". Plaintiffs appeal contending that the trial court erred both in granting defendant's motion and in denying their motion. We reverse and remand.

At the outset we note that defendant questions our jurisdiction to hear plaintiffs'

appeal. Defendant contends the appeal is premature because his motion for summary judgment was directed to the sole issue of acknowledgment and, thus, the granting of his motion left factual issues in Count I still to be determined, which, according to defendant, precluded the summary judgment in his favor from being a final and appealable judgment. We disagree.

A denial of a motion for summary judgment is interlocutory and, thus, it is not a final, appealable judgment. *Wilson v. Hungate*, 434 S.W.2d 580, 583 (Mo.1968); *Barns v. York*, 526 S.W.2d 404, 407 (Mo. App.1975); *Hoevelman v. Reorganized School Dist. R2*, 430 S.W.2d 753 (Mo.App. 1968). However, the granting of a motion for summary judgment purports to dispose of all issues and, thus, is a final, appealable judgment. *See, e. g., Kerr v. Grand Foundries Inc.*, 525 S.W.2d 783, 784 (Mo.App. 1975); *Poss v. Lieberman*, 299 F.2d 358, 359 (2d Cir. 1962) cert. denied 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962). In the instant case, the granting of defendant's motion purported to dispose of all issues in Count I, and, although there remained other issues in other Counts, the court's designation of its order on Count I as final and appealable pursuant to § 512.020 RSMo 1978 made the court's summary judgment on Count I ripe for appeal. *See Homebuilders Ass'n of Greater Kansas City v. Kansas City*, 431 S.W.2d 111, 112 (Mo. banc 1968); Rule 81.06.

Although the appeal is not premature, the summary judgment, nonetheless, was improperly granted. Rule 74.04(c) permits the entry of summary judgment when it is shown "that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law". Thus, review of a summary judgment is a two step analysis: first, whether there is a genuine issue of material fact requiring trial, and second, whether the prevailing party was entitled to judgment as a matter of law. For the purpose of summary judgment, a genuine issue of fact exists whenever there is the slightest doubt as to a material fact, *Seliga Shoe Stores v.*

*City of Maplewood*, 558 S.W.2d 328, 331 (Mo.App.1977), and a material fact is one which as legal probative force relevant to the controlling issue. *Ware v. St. Louis Car Co.*, 384 S.W.2d 287, 290 (Mo.App.1964). A review of the present record reveals the existence of genuine issues of material facts in Count I which preclude the entry of a summary judgment on that Count for defendant.

As previously noted, in Count I of their petition, plaintiffs allege that defendant exercised undue influence over Ben Bormaster to secure the amendment in question and that Ben Bormaster lacked the mental capacity to execute the amendment. More specifically, as to the former allegation of undue influence, plaintiffs allege that a confidential relationship existed between Ben Bormaster and defendant by virtue of their father-son relationship and also because defendant acted as his father's advisor in managing his assets. With this confidential relationship existing, plaintiffs further allege that defendant used entreaties, misrepresentations, distractions and the like to persuade his father to amend his trust. As to the latter allegation of lack of mental capacity, plaintiffs specifically allege that Ben Bormaster's memory ald health were so impaired that he did not understand the disposition of his affairs.

In his affidavit and depositions in support of his motion for summary judgment, defendant does not address these issues of undue influence and lack of mental capacity. For example, his affidavit is directed solely to the alleged required acknowledgment of the amendment, and, basically, he avers that Ben Bormaster signed the amendment, did not acknowledge it, but did deliver it to defendant, Michael Bormaster, who as co-trustee, agreed to waive the requirement of acknowledgment.

It is quite clear, then, that defendant has not refuted the factual allegation of undue influence on Ben Bormaster and his alleged lack of mental capacity. These factual issues still exist and remain to be tried, and they are obviously material to the ultimate issue of the propriety and validity of

the amendment. Therefore, the court's order granting summary judgment for defendant on Count I was improper and we reverse that order.

■ We next consider the trial court's denial of plaintiffs' motion for summary judgment. Plaintiffs insist that we have jurisdiction to determine and we must determine the propriety of the denial of their motion. As previously noted, a denial of a motion for summary judgment is not a final, appealable judgment, *Wilson v. Hungate, supra; Barns v. York, supra,* and the trial court's designation of its denial of plaintiffs' motion as final and appealable did not make it so. *Starnes v. Aetna Casualty & Surety Co.,* 503 S.W.2d 129, 131 (Mo.App.1973). No Missouri cases have been cited dealing with the precise issue of whether a denial of a motion for summary judgment is necessarily reviewable because it is joined with an appealable order, and our research has disclosed no such Missouri case. However, we look to federal decisions construing the comparable federal rule on summary judgment, for, at times, those decisions are particularly helpful and persuasive in construing our summary judgment procedure. *Elliott v. Harris,* 423 S.W.2d 831, 835 (Mo. banc 1968); *Miller v. United Sec. Ins. Co.,* 496 S.W.2d 871, 876 (Mo.App.1973). Under the federal decisions, the non-appealable denial of a motion for summary judgment is usually not reviewable even though joined and raised with an appealable order. *Dutton v. Cities Service Defense Corp.,* 197 F.2d 458, 459 (8th Cir. 1952); *Drittel v. Friedman,* 154 F.2d 653, 654 (2d Cir. 1946). However, on occasion, without articulated jurisdictional reasons, the merits of the denial of a motion for summary judgment have been reached where the propriety of the appealable order is completely intertwined with the merits of the denial. *Tabacalera Severiano Jorge, S. A. v. Standard Cigar Co.,* 392 F.2d 706, 716 (5th Cir. 1968); *Stewart v. United States,* 186 F.2d 627, 634 (7th Cir. 1951).[1] Even if this latter practice reflects a principle of law which would fit comfortably within our

state process, it still would not justify an inquiry into the merits of the present denial of plaintiffs' motion. As demonstrated, the determination of the propriety of the granting of defendant's motion is narrow based, simple, direct and goes no further than determining that factual issues remained to be resolved. Thus, the propriety of the appealable order—the granting of defendant's motion—is not intertwined with the merits of the denial of plaintiffs' motion and we have no jurisdictional base to determine the merits of that denial.

Accordingly, we reverse and remand this cause.

DOWD, P. J., and WEIER, J., concur.

---

1. *See also Annot.,* 15 A.L.R.3d 899, 925–929 (1967).