**Beverly BUTCHER, et al.,
Plaintiffs-Appellants,**

v.

**RAMSEY CORPORATION,
Defendant-Respondent.**

No. 42942.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 12, 1982.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
March 19, 1982.

Mark R. Bahn, Martin, Bahn & Cervantes, St. Louis, for plaintiffs-appellants.

Ralph C. Kleinschmidt and Gerre S. Langton, Evans & Dixon, St. Louis, for defendant-respondent.

SNYDER, Judge.

An employee, Beverly Butcher, and her husband appeal from a summary judgment in favor of her employer who was sued by appellants for personal injuries and loss of consortium. The trial court held that appellants' common law action was barred by an earlier adverse decision in a workmen's compensation proceeding arising out of the same set of facts. Appellants contend the trial court's determination was erroneous because res judicata or collateral estoppel would not preclude appellants' common law action. The trial court's judgment is affirmed.

The action which resulted in this appeal was initiated by appellants' two-count petition. The first count alleged that respondent was negligent in maintaining the floor at appellant-employee's place of work by permitting metal piston ring chips to remain on the floor; that appellant-employee was injured when the loaded dolly she was pushing as a part of the duties of her employment stopped suddenly on the metal chips, causing appellant-employee to fall against her dolly; and that appellant-employee suffered certain injuries as a proximate result of respondent's negligence. The second count of appellants' petition alleged a claim by appellant-employee's husband for loss of consortium.

The pleadings, deposition, and admissions on file in appellants' common law action established that appellant-employee had pursued an earlier workmen's compensation claim based upon the same injuries alleged in the common law suit. The workmen's compensation referee denied appellant-employee's claim for benefits. The referee concluded that appellant-employee's claim, if credible, would have supported the finding of an accident entitling her to benefits, but that appellant-employee's evidence was contradicted and not credible and, therefore, appellant-employee had not proved she was injured as a result of an accident so as to be entitled to benefits. The referee's ruling was affirmed upon appeal to the Labor and Industrial Relations Commission, and appellant-employee did not seek judicial review.

Appellant-employee admitted the evidence she intended to introduce at trial of her common law action would be substantially the same as her testimony at her workmen's compensation hearing. In the workmen's compensation proceedings, appellant-employee testified that she was injured when she was pushing her dolly at work, hit something which she believed was metal chips on the floor, stopped suddenly, and was thrown against the dolly hitting her left shoulder. She felt pain in her left leg. She then tried to dislodge her dolly. She pushed hard with her shoulders and everything, and finally managed to push, pull and straighten the dolly in her work area. Appellant felt another pain as she stepped onto her work platform and decided to see the nurse.

The court agreed with respondent that the factual issues presented by appellants' petition and respondent's answer had been litigated previously before the Division of Workmen's Compensation in a proceeding

which resulted in a final determination in favor of respondent, and that the administrative determination constituted a bar in the nature of res judicata or collateral estoppel to appellants' litigation.

The trial court granted respondent's motion for summary judgment.

Appellants contend the trial court's summary judgment is erroneous because the workmen's compensation determination that appellant-employee did not suffer an accident does not bar appellant's common law suit. Appellants' contention is incorrect.

■ A summary judgment for a defendant is an extreme remedy because it denies a plaintiff his day in court and, hence, is proper only if the court determines from the pleadings, depositions, and affidavits on file that there are no material issues of fact and that the movant is entitled to a judgment as a matter of law. *Gunning v. State Farm Mutual Automobile Insurance Co.*, 598 S.W.2d 479, 481[1] (Mo.App.1980). Thus, appellate review considers, first, whether there is a genuine issue of material fact requiring trial and, second, whether the prevailing party was entitled to judgment as a matter of law. *Kaufman v. Bormaster*, 599 S.W.2d 35, 37[4] (Mo.App. 1980).

■ A genuine issue of fact exists for the purposes of a summary judgment if there is the slightest doubt as to a material fact, and a material fact is one which has legal probative force relevant to the controlling issue. *Kaufman v. Bormaster, supra* at 37[5].

If there were any genuine issue whether appellants' remedy was under the workmen's compensation statutes or in a common law action, summary judgment would be inappropriate. *See Wilson v. Hungate*, 434 S.W.2d 580, 582–583[2–3] (Mo.1968); *Peer v. MFA Milling Co.*, 578 S.W.2d 291, 293[2] (Mo.App.1979). The workmen's compensation referee determined, however,

that the appellant-employee's cause of action was cognizable under the workmen's compensation statutes but that her proof was defective.

A decision adverse to a claimant in workmen's compensation proceedings does not necessarily bar the claimant from prosecuting a subsequent personal injury action against the employer. *Harryman v. L & N Buick-Pontiac, Inc.*, 431 S.W.2d 193, 196–198[1–4] (Mo.banc 1968); *Hines v. Continental Baking Co.*, 334 S.W.2d 140, 142–146[1] (Mo.App.1960).

■ Certain work-related injuries are not cognizable under the workmen's compensation laws but are cognizable under common law. *Harryman v. L & N Buick-Pontiac, Inc., supra.* Such a situation exists if an employee is injured while exerting pressure to move an object as a usual part of the employee's duties. *Hines v. Continental Baking Co., supra.*

If the employee's actions are a part of his usual duties, injuries resulting from those actions are not cognizable by the workmen's compensation laws. The resultant injuries could be cognizable, however, in a personal injury action against the employer for negligence. *Hines v. Continental Baking Co., supra.*

Nevertheless, the unappealed final administrative determination in a workmen's compensation proceeding upon a fact issue within the jurisdiction of the administrative body is not subject to collateral attack and constitutes a bar to relitigation of the same fact issue in a subsequent common law action. *Hines v. Continental Baking Co., supra.*

■ In the case under review, the appellants seek to recover for injuries and loss of consortium upon the ground that respondent was negligent in allowing a dangerous condition to exist on the factory floor (the presence of metal chips) which caused appellant-employee to be injured when the dolly she pushed stopped suddenly and she

915

fell against it. The referee hearing appellant-employee's workmen's compensation claim determined that these same facts, if proved, would have constituted an accident bringing the matter within the purview of the workmen's compensation laws, but found appellant-employee's proof to be defective. The Labor and Industrial Relations Commission affirmed the referee's findings and conclusions, and this award became final.

Therefore, appellants are barred from now asserting that the facts alleged in appellants' personal injury petition are not within the sole province of the workmen's compensation laws. This court agrees with the trial judge who held, "Plaintiff may not here relitigate the very same issue based upon the same testimony which has been previously adjudicated to be unworthy of belief."

Upon consideration of the pleadings, deposition, and admissions on file this court finds there is no genuine issue of material fact requiring trial and respondent was entitled to a judgment as a matter of law.[1] The trial court did not err in granting respondent a favorable summary judgment.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

1. For the first time on appeal, appellants urge that they be permitted to amend their petition to allege that appellant-employee was injured by straining herself while shaking the dolly back and forth to free the dolly from chips on the floor. Appellants made no attempt to amend their petition in the trial court, and their attempt comes too late now. *Pine Lawn Bank & Trust Co. v. Schnebelen*, 579 S.W.2d 640, 644–645[8] (Mo.App.1979).