George W. TURNER, d/b/a South St. Louis Roofing, Plaintiff/Respondent,

v.

Robert M. HOFFMEIER and Margaret A. Hoffmeier, Defendants/Appellants.

No. 48298.

Missouri Court of Appeals, Eastern District, Division Three.

March 19, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Application to Transfer Denied May 29, 1985.

J. Thomas Long, Paul H. Lauber, Farrell & Long, Godfrey, Ill., for defendants/appellants.

Lawrence F. Hartstein, Sommer & Hartstein, St. Louis, for plaintiff/respondent.

CRIST, Judge.

Action to enforce a mechanic's lien.

This is an appeal from a judgment of the circuit court of St. Louis County to enforce a mechanic's lien filed by George W. Turner d/b/a South St. Louis Roofing (roofer), against Robert and Margaret Hoffmeier, husband and wife. The case was tried without a jury, and judgment was entered in favor of roofer for $19,800 plus interest accruing from October 20, 1980, at 9 percent per annum. We reverse in part and affirm in part.

The facts underlying the judgment are as follows: Mr. and Mrs. Hoffmeier owned several apartment dwellings in St. Louis County, Missouri, as tenants by the entirety. Prior to August, 1980, both owners had been involved in the management of the apartments. Each had equal capacity in running the apartments. There was an apartment manager who was without authority to make repairs. With regard to large expenditures, the owners would discuss the matter before entering into a contract.

In August of 1980, events occurred which seriously affected the lives of owners and had an impact on this suit. Husband was stabbed by an unknown assailant, seriously injured and hospitalized. While husband was hospitalized, storms and wind caused extensive damage to the apartment dwellings. When husband returned from the hospital, wife did not

speak of the structural damage to the apartments. Husband and wife agreed husband's recovery would be better in freedom from business worries.

A little more than a month following husband's return home, wife signed two written contracts authorizing roofer to repair roofs of the apartment dwellings damaged by the storms. Wife did not discuss with husband the damage or the contracts with roofer. Roofer was unaware wife had a husband and that properties were held by husband and wife as tenants by the entirety. Roofer completed the work. Husband and wife did not pay. Roofer filed a mechanic's lien naming wife as contracting party and husband and wife as owners. To assess liability against Robert Hoffmeier and to enforce a lien on interests of property held by husband and wife as tenants by the entirety, the court had to find Margaret Hoffmeier acted as her husband's agent in authorizing the repair work. The trial court found wife acted as husband's implied agent. We disagree.

The sole issue in this case is whether wife had implied authority to act for husband so as to bind him on the mechanic's lien, when roofer did not know of the existence of husband either at the time of the contract or at the time the work under the contracts was performed. *Kaufmann v. Krahling,* 519 S.W.2d 29 (Mo.App.1975) and *Dierks & Sons Lumber Company v. Morris,* 404 S.W.2d 229 (Mo.App.1966).

■ The existence of an agency relationship is a question of fact. Wife had previous involvement in managing the apartments with husband. This furnished some basis for inferring husband's authorization of her future business activities. See *Vaughn v. Great American Insurance Company,* 390 S.W.2d 622, 627 (Mo. App.1965); Restatment (Second), Agency § 22, comment b, p. 94. However, in *Kaufmann* this court stated a spouse may not encumber real estate held by tenancy by entirety without the other's consent. When the court impresses a lien, based upon implied agency, on a spouse's interest in entirety property, the level of activity of

that spouse should be joint participation. *Kaufmann, supra* at 31. Joint participation has been demonstrated by knowledge and active involvement in the project undertaken. *Robinson Lumber Company v. Lowrey,* 276 S.W.2d 636, 640–41 (Mo.App. 1955). In the instant case husband had no involvement, contractual or otherwise, with roofer's repairs.

■ Roofer seeks the benefit of agency by implied authority when he failed to inquire as to the existence of a husband upon contracting with the wife initially and when he knew nothing of husband's existence as alleged principal or prior activities regarding the real estate. Husband's involvement in the contract for repair constituted neither joint participation nor implied authorization.

Husband and wife claim error on two additional points: (1) trial court refused to allow husband and wife to amend their pleadings at trial to allege fraud; and (2) trial court refused to hear evidence to explain the circumstances around which wife signed the contracts.

The first point is not preserved as violative of Rule 84.04 (d). Further, it has no merit. *Boling v. State Farm Mutual Automobile Insurance Company,* 466 S.W.2d 696, 699 (Mo.1971). The point is denied.

The second point also is not preserved for review. No offer of proof was presented at trial. *Gerace v. Conley,* 665 S.W.2d 377, 380 (Mo.App.1984). Moreover, we find no ambiguity in the contracts. *Buder v. Martin,* 657 S.W.2d 667, 669–670 (Mo.App. 1983). The point is denied.

That part of the judgment granted in favor of roofer against husband in the sum of $19,800.00 plus interest from October 20, 1980, at the rate of 9 percent per annum plus costs is reversed. That part of the judgment granting a lien for the total sum of the judgment under the provision of Sections 429.010–429.360 of the Missouri Revised Statutes, against the property described in plaintiff's petition is reversed. That part of the judgment granted in favor

of roofer against wife in the sum of $19,-800.00 plus interest from October 20, 1980, at the rate of 9 percent per annum plus costs is affirmed.

DOWD, C.J., and KAROHL, J., concur.