Don McCARTHY d/b/a McCarthy
Contractor, Plaintiff-Appellant,

v.

George R. WAHBY, Jr., Defendant,

and

Carol A. Wahby, Defendant-Respondent.

No. 51101.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 7, 1986.

Paul R. Ferber, Kirkwood, for plaintiff-appellant.

DONALD L. MANFORD, Special Judge.

Plaintiff (appellant herein) appeals the trial court's Order sustaining defendant Carol A. Wahby's (respondent herein) Motion to Dismiss Plaintiff's First Amended Petition on the basis that respondent was not a party to the contract upon which plaintiff seeks to recover. For the reasons set forth below, this court holds that the trial court's Order is hereby reversed.

The pertinent facts are as follows:

On August 6, 1980, appellant filed his first amended petition against defendants George R. Wahby, Jr. and his wife, Carol. The petition alleged that appellant, doing business as Don McCarthy Contractor, had contracted with defendants to remove an existing building and construct a residential building on property owned by defendants as tenants by the entirety, and that defendants agreed to pay appellant the sum of $48,168.00. The petition further alleged that appellant performed the work, that defendants had breached the contract in that they paid a total of $26,086.00, and that appellant had been damaged in the amount of $22,082.00. The petition also alleged that at all times, de-

fendant George Wahby, Jr. was acting as agent for and on behalf of his wife, Carol.

On October 23, 1980, defendants filed separate counterclaims against plaintiff, and respondent filed a Motion to Dismiss on the grounds that she was not a party to the contract.

On July 17, 1981, appellant and respondent filed a memorandum which contained certain facts stipulated between the parties. The memorandum stated the following:

1. The contract was signed by George Wahby, Jr. only;

2. Carol Wahby actively took part in the discussion of the plans;

3. Carol Wahby was present when the contract was signed;

4. Carol Wahby changed a number of items contained in the plans;

5. George and Carol Wahby obtained the basic plans;

6. During construction, Carol Wahby was present at the site at all times;

7. While at the construction site, Carol Wahby discussed plans with the workmen and commented on the progress of the work;

8. Carol Wahby selected the carpeting, bathroom colors and kitchen cabinets;

9. Carol Wahby went with appellant to pick up lumber and other materials;

10. Carol Wahby told appellant to deal directly with her rather than her husband;

11. Carol Wahby telephoned appellant at his home on several occasions to discuss the progress on the construction;

12. In September or October of 1979, appellant informed George and Carol Wahby that he (appellant) would not continue work unless he was paid up to date and that appellant would have to be given a deed of trust on the property or that defendants would have to borrow money to pay him;

13. Carol Wahby telephoned appellant and stated that she would talk to her lawyer about a deed of trust;

14. A few days later, Carol Wahby telephoned appellant and informed him that her lawyer had advised her and that they (George & Carol) were able to obtain a loan and that they (George & Carol) required lien waivers from appellant.

On August 18, 1981, the trial court issued its order and stated that the facts as stipulated would support a mechanic's lien but not a contract that would personally bind defendant Carol Wahby. Subsequently, a jury rendered a verdict in favor of plaintiff and against George Wahby for $12,000. Plaintiff's subsequent motion to set aside the order of dismissal of defendant Carol Wahby was denied. This appeal followed. No appeal was taken by defendant George Wahby.

Appellant raises two points which charge, in summary, that the trial court erred in granting summary judgment[1] because (1) there remained genuine issues of material fact, and (2) as a matter of law, respondent was not entitled to summary judgment because the evidence established an implied agency relationship between husband and wife.

■ In a case where a creditor seeks to hold liable a spouse who has failed to join in the signing of a contract, the creditor must establish that the unsigning spouse (the wife in this case) had expressly or impliedly made her husband her agent to contract with the creditor.

■ Implied agency may be proved by such evidence as permits a logical inference of agency. *Kaufmann v. Krahling*, 519 S.W.2d 29, 31 (Mo.App.1975). The wife is not liable simply because she knows of or acquiesces in construction work, evidences interest in it, compliments it, or even makes suggestions as it proceeds. None of these activities alone permits the inference that she has jointly assumed her husband's

---

1. Although the trial court's Order sustained respondent's Motion to Dismiss, it is treated as Summary Judgment for purposes of appeal since the trial court went beyond the pleadings to reach its decision. Rules 55.27(b) and 74.04.

debts. *Id.* But when the wife's activity and participation rises to the level where she is in control of the construction and she participates in decisions relative to construction, then a logical inference of implied agency is reasonable.

This court has previously held in the case of *Bryant v. Bryant Construction Co.,* 425 S.W.2d 236 (Mo.App.1968), that where the wife, who did not join with her husband in the signing of the contract, actively approved plans, chose colors, signed notes to finance the work, and joined in the counterclaim for damages, it created an implication of the husband's authority to bind the wife's interest in the property to a mechanic's lien. As in *Bryant,* respondent herein approved and even changed plans, chose colors and materials, and filed her own counterclaim for damages. Further, the evidence indicates that respondent signed notes to finance the work in that she informed appellant that *they* (indicating she and her husband) were able to obtain a loan.

This court is not persuaded by respondent's attempts to distinguish *Bryant* and *Kaufmann* from the present case on the basis that *Bryant* and *Kaufmann* dealt with mechanic's liens and did not hold the spouse personally liable on the contract. In *Freeman Contracting Co. v. Lefferdink,* 419 S.W.2d 266 (Mo.App.1967), the St. Louis Court of Appeals stated:

> It should likewise be stated that our rule is that before a mechanics' lien can be placed on property held by the entireties the evidence must be strong and persuasive that the act allegedly subjecting the land to the lien was the joint act of both the tenants by the entireties.... The same reasoning would apply to plaintiff's attempt to secure a money judgment against both Mr. and Mrs. Lefferdink. (citations omitted). *Id.* at 273.

In the present case, the activities of respondent and her participation in the construction process was such that she can be held liable under the contract on the theory of implied agency.

The trial court's order granting summary judgment is reversed and the cause remanded as to defendant Carol Wahby.

DOWD, P.J., and SMITH, J., concur.