Cora WINGO, Appellant,

v.

EAGLE REALTY COMPANY, D.J.K. Investments, Inc., Defendants.

No. 51569.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1987.

Motion for Rehearing and/or Transfer
Denied March 11, 1987.

Application to Transfer Denied
April 14, 1987.

---

Mary Elizabeth Coffey, St. Louis, for appellant.

Irl B. Baris, St. Louis, for Eagle Realty.

Robert Steven Bogard, St. Louis, for D.J.K. Investments.

KAROHL, Judge.

This is an appeal from a summary judgment in favor of defendants D.J.K. Investments Inc., the owner of a four family flat, and Eagle Realty Co., the manager of the property. Plaintiff Cora Wingo sustained serious physical injuries when she fell from a second floor porch which she entered through an apartment rented to Clyde Pegee and Rosalyn Marks, plaintiff's sister. The trial court determined that there was no material issue of fact in dispute on the question of whether the porch was part of the rented premises and a non-common area. The court found from the undisputed record that the porch was a non-common area over which defendants had no duty to repair or warn and granted judgment as a matter of law for defendants.

Plaintiff's fourth amended petition is a single count sounding in negligence based on the theory that defendants were negligent in failing to repair a "common" porch. The petition does not contain any allegation based on the theory of breach of agreement to repair or on the theory of implied warranty of habitability. The pleading did not require and the trial court did not rule on these matters. A key principle of appellate review is that claims not presented to and decided by the trial court may not be considered on appeal for the first time. *Henley v. Continental Cable Vision of St. Louis County*, 692 S.W.2d 825, 827 (Mo. App.1985). This court therefore declines to consider plaintiff's second and third points which argue liability based on contract or implied contract.

Plaintiff's remaining point on appeal is that the trial court erred in granting summary judgment for the defendants while a genuine issue of material fact remains as to whether the porch was a common area. The accident happened while plaintiff was a guest at the apartment of Clyde Pegee and her sister, Rosalyn Marks. She fell off the porch which is located on the second floor and extends across the back of the building. Defendants relied on the deposition testimony of Clyde Pegee and Rosalyn Marks. They both testified that they had occupied the property from September, 1980, until the casualty on July 4, 1981. During that time no repairs were requested and none had been made on their apartment. Both Pegee and Marks testified that the only access to the back porch was through their kitchen and that their porch was divided from a porch provided for a neighbor on the second floor by a wall.

■ As a general rule, a landlord has no duty to a tenant or to one claiming through a tenant's title for injuries caused by a dangerous condition which existed at the time the tenant took possession, *Reckert v. Roco Petroleum Corp.*, 411 S.W.2d 199, 204–205 (Mo.1966), unless the condition is known to the landlord and not to the tenant and not discoverable by the tenant in the exercise of ordinary care. *Milne v. Pevely Dairy Co.*, 641 S.W.2d 158, 160 (Mo.App. 1982). On the record before the trial court knowledge of defect was denied by affidavit and deposition of the owner. Further, the tenants acknowledged by deposition that they were aware of defects in the condition of the porch. They also testified that they had alerted and warned plaintiff of the defects before the casualty.

■ We review a summary judgment. We find that there was no genuine issue of material fact involving the question of whether the porch was a common area. Based on all of the undisputed evidence it was not a common porch even when reviewing the evidence in the light most favorable to plaintiff. *Bakewell v. Missouri State Employees' Retirement System*, 668 S.W.2d 224, 226 (Mo.App.1984). Both tenants stated that the only way to reach the porch in question was through their apartment and that a wall divided their porch from their neighbor's porch. Plaintiff argues that a photograph marked and referred to as an exhibit in the tenants' depositions depicted only a "make shift" wall. She argues that this presents a fatal im-

pairment to finding the porch was a non-common area. The wall appears to be in bad repair, but it is a wall and does not maintain a disputed issue of fact where the tenants testified the porch was divided and their porch was available only through apartment. In *Flournoy v. Kuhn*, 378 S.W.2d 264 (Mo.App.1984), the court held that a porch was not a common area where a railing divided the upstairs porches. The wall shown in the photograph is more substantial than a railing. *See also, Gray v. Pearline*, 328 Mo. 1192, 43 S.W.2d 802 (1931).

Significantly, plaintiff did not file affidavits nor any written opposition to defendants' motions for summary judgment. Failure to oppose an affidavit in support of a motion for summary judgment has been held on admission of the facts contained in the affidavit. *Scaife v. Kansas City Power and Light Co.*, 637 S.W.2d 731, 733 (Mo.App.1982). A plaintiff cannot rely on pleadings of ultimate fact when confronted with a Motion for Summary Judgment. *Snowden v. Northwest Mo. State University*, 624 S.W.2d 161, 169 (Mo.App.1981). In such case summary judgment, if appropriate, shall be entered against her. Rule 74.04(e); *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978). On the record before the trial court defendants denied knowledge of any defect, both tenants recognized knowledge of the condition and acknowledged warning plaintiff, and access to the porch was limited to those within the rented premises. The photograph, relied upon the plaintiff, does not demonstrate any contrary fact. As a result the porch was not a common area.

"Common areas" which are used by more than one tenant ordinarily would be in the control of the landlord and the landlord must maintain them in a reasonable safe condition or be liable for damage resulting from the failure to do so. *Peterson v. Brune*, 273 S.W.2d 278, 280 (Mo. 1954). However, a landlord is not ordinarily liable for injuries resulting from a defective condition in part of the premises not reserved by the landlord for common use of two or more tenants, but are demised to a particular tenant. *Gray v. Pearline*, 328 Mo. 1192, 43 S.W.2d at 805. On the undisputed facts the porch in question was not a common area. The trial court did not error in granting summary judgment for defendants.

The judgment is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.