**MISSOURI FARMERS ASSOCIATION, INC., a Missouri Corporation, Appellant,**

v.

**Willie May BUSSE, Personal Representative of the Estate of Thomas W. Busse, and Willie May Busse, Respondent.**

No. 55268.

Missouri Court of Appeals, Eastern District, Division One.

March 21, 1989.

Jonathan L. Downard, Union, for appellant.

Fred Roth, Clayton, for respondent.

CRIST, Judge.

Plaintiff-appellant (M.F.A.) appeals from a summary judgment rendered in favor of defendant-respondent (wife). We reverse and remand.

M.F.A. filed a "Petition on Account and Retail Charge Agreement" against wife individually and in her capacity as the personal representative of the estate of her deceased husband. The petition alleged wife was liable on the credit agreement and for the value of the supplies purchased by husband and wife and charged to an account in husband's name.

Wife sought and was granted summary judgment on M.F.A.'s claim against her individually on the ground she did not personally execute the guarantee. M.F.A. also filed a motion for summary judgment. This motion was granted against wife in her representative capacity, but denied as to wife personally. Wife does not appeal the summary judgment rendered against her in her capacity as personal representative of her husband's estate.

On appeal, M.F.A. argues the summary judgment granted in wife's favor was erroneous because facts admitted during wife's deposition demonstrate genuine issues of material fact regarding the existence of an implied agency between husband and wife making wife personally responsible for the guarantee signed only by husband.

"A summary judgment for a defendant is an extreme remedy because it denies a plaintiff his day in court and, hence, is proper only if the court determines from the pleadings, depositions, and affidavits on file that there are no material issues of fact and that the movant is entitled to a judgment as a matter of law." *Butcher v. Ramsey Corp.*, 628 S.W.2d 912, 914[1] (Mo. App.1982). On review, we view the record in the light most favorable to the party against whom summary judgment is rendered. *Scott v. Thornton*, 484 S.W.2d 312, 314[1] (Mo.1972).

The record in this case consisted of the pleadings and the deposition of wife. A review of the record discloses the following: Husband and wife were farmers. Part of their business consisted of raising cattle. On March 18, 1978, husband executed a continuing credit agreement with M.F.A. whereby M.F.A. would sell feed and grain to husband on account. The agreement contained a provision in which husband agreed to pay finance charges, attorney fees and costs if the account became delinquent.

The cattle were jointly owned by husband and wife. Wife took an active part in the cattle business. She ordered and picked up cattle feed and grain from M.F.A. pursuant to husband's account. Wife stated she was unaware of the credit

agreement and did not remember being present when husband signed it. Husband died with an outstanding balance on the account with M.F.A. in the approximate amount of $17,000.

Wife does not dispute supplies were received from M.F.A. and $17,000 is due on the account. She asserts she is not liable under the guarantee because she did not sign the same and there was no proof adduced to show an implied agency existed between her and husband to bind her under the agreement.

The law is clear that no implied agency exists between a husband and wife merely because of the marital relationship. *Fuller v. Lloyd,* 714 S.W.2d 698, 701[3] (Mo.App.1986). "The existence of an agency relationship is a question of fact." *Turner v. Hoffmeier,* 690 S.W.2d 188, 189[1] (Mo.App.1985). To determine whether an implied agency existed, we examine the evidence to see whether the wife's activity in the project amounted to joint participation. *Kenny's Tile & Floor Covering, Inc. v. Curry,* 681 S.W.2d 461, 466[6] (Mo.App.1984). "Joint participation has been demonstrated by knowledge and active involvement in the project undertaken." *Turner,* 690 S.W.2d at 189.

The record in this case discloses wife was involved in the farming operations. She ordered the feed, picked it up, and helped husband with the farm work. Wife may not have been aware of the credit agreement, but was aware of the account. She stated she made orders on it. Wife was the joint owner of the cattle. These facts demonstrate a genuine issue of material fact as to whether there was an implied agency between husband and wife when husband signed the credit agreement thereby rendering wife liable under the same. *See McCarthy v. Wahby,* 717 S.W.2d 571, 572[3] (Mo.App.1986) (wife who did not sign contract could be held liable under contract signed by husband on theory of implied agency where wife actively participated in the construction process). For that reason, it was error to grant summary judgment in favor of wife.

The summary judgment in favor of wife is reversed and the case is remanded to the trial court.

CRANDALL, P.J., and KAROHL, J., concur.