**MOELLERING CONCRETE, INC., a corporation, Plaintiff–Appellant,**

**v.**

**Robert DOERR and Stephanie Doerr, his wife, and Donald W. Muehling and Pamela S. Muehling, as Statutory Trustees for Muehling Craftsmanship, Inc., a Missouri corporation in forfeiture, and Stuart Radloff, as Bankruptcy Trustee for Donald W. Muehling d/b/a Muehling Craftsmanship, and Home Federal Savings and Loan Association, and A.S. Purdy, Defendants–Respondents.**

No. 56201.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 20, 1990.

Ted C. House, St. Charles, for plaintiff-appellant.

W. Dudley McCarter, Clayton, for defendants-respondents.

GRIMM, Judge.

In this mechanic's lien case, plaintiff appeals from the trial court's judgment sustaining motions for summary judgment in favor of defendants Robert and Stephanie Doerr. We affirm in part, reverse in part, and remand.

Although plaintiff's brief sets forth four points relied on; only three points of error are, in effect, raised. First, the trial court erred in sustaining defendants' summary judgment motion "as to any claim of lien against the interest of Stephanie Doerr." We disagree, because no genuine issue of material fact remained as to the lack of service of notice on Stephanie Doerr. Second, the trial court "erred in sustaining defendant Robert Doerr's motion for summary judgment and nullifying plaintiff's mechanic's lien...." We agree in part, because a genuine issue of material fact remained regarding title to the property; we disagree in part, because Robert Doerr was not personally indebted to plaintiff.

Third, the trial court "erred in sustaining defendants' motion for summary judgment as to [the] unjust enrichment [count] and in dismissing said count...." We disagree, because there was no genuine issue of material fact remaining regarding defendants' payment to the general contractor.

We derive the background information from the parties' various pleadings, motions, and affidavits. Defendants Robert[1] and Stephanie, husband and wife, owned a subdivision lot in St. Charles County. In 1987, Robert and Stephanie undertook to build a house on that lot. The project's general contractor, Muehling Craftsmanship, Inc., allegedly subcontracted with plaintiff to construct the concrete foundation.

Plaintiff completed the foundation on June 18, 1987. It claimed the reasonable value of the labor and materials furnished totaled $5,569.00. According to plaintiff, the general contractor failed to pay plaintiff for the foundation work. The general contractor subsequently went out of business and filed bankruptcy.

On December 6, 1987, plaintiff served a subcontractor's notice of claim of mechanic's lien on Robert. The notice was addressed solely to "Robert Doerr."

A statement of mechanic's lien was filed in St. Charles County Circuit Court on December 16, 1987. An affidavit filed with

---

1. We refer to individuals by their first name for ease of reading.

the lien statement identifies Robert and Stephanie as the owners of the improved property.

In February, 1988, plaintiff filed its original petition seeking enforcement of the mechanic's lien. Thereafter, plaintiff filed successive amended petitions. Plaintiff's second and third amended petitions set forth an alternative count seeking recovery against Robert and Stephanie on an unjust enrichment theory. The trial court granted summary judgment in favor of Robert and Stephanie on both counts.

Initially, we note that "review of a summary judgment is a two step analysis: first, whether there is a genuine issue of material fact requiring trial, and second, whether the prevailing party was entitled to judgment as a matter of law." *Kaufman v. Bormaster*, 599 S.W.2d 35, 37 (Mo. App.E.D.1980); Rule 74.04(c). Further, "[f]or the purpose of summary judgment, a genuine issue of fact exists whenever there is the slightest doubt as to a material fact, ... and a material fact is one which [has] legal probative force relevant to the controlling issue." *Id.* (citations omitted).

Moreover, we "must scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which may be drawn from the evidence." *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

## I. Stephanie Doerr

Plaintiff first alleges the trial court erred in sustaining defendants' summary judgment motion "as to any claim of lien against the interest of Stephanie Doerr...."

In granting summary judgment as to Stephanie, the trial court concluded that plaintiff failed to provide her with requisite notice of the lien. Plaintiff maintains that summary judgment was premature, because a genuine issue remains as to "a limited agency" between Robert and Stephanie.

Section 429.100 [2] is titled, "Notification by subcontractors and others." It provides that a subcontractor "who may wish to avail himself of the benefit of the provisions of sections 429.010 to 429.340, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent or either of them, that he holds a claim against such building or improvement, . . . ."

Plaintiff alleged in its second and third amended petitions that "Robert Doerr was served personally and Defendant Stephanie Doerr was served by constructive service" with written notice of the lien. In response, defendants filed their motion for summary judgment.

Robert acknowledged in an affidavit attached to the summary judgment motion that he had been personally served with notice of the lien. He stated, however, that he had not been told that the notice was also for his wife, nor was he told to give her the notice he received.

Stephanie stated in her affidavit that a notice of mechanic's lien was never "personally delivered to or served upon" her. She further asserted that she "had no knowledge or notice that [plaintiff] had a mechanic's lien claim" against her until she received the summons and plaintiff's petition.

Rule 74.04(e) provides, in part: "When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *See also, Wingo v. Eagle Realty Co.*, 726 S.W.2d 805, 807 (Mo.App.E.D.1987).

In a memorandum filed in response to defendants' summary judgment motion, plaintiff argued: "The assertion that Stephanie Doerr received no notice of Plaintiff's mechanic's lien claim ... is very diffi-

---

**2.** All statutory references are to RSMo 1986.

cult to believe since Robert and Stephanie Doerr were living together as husband and wife at the time of and after Robert Doerr was served with the notice of claim of mechanic's lien." Plaintiff, however, did not file a counter affidavit, as required by Rule 74.04(e), responding to defendants' assertion that Stephanie received no notice.

In its reply brief, plaintiff maintains that "[i]t was not possible for [plaintiff] to submit an affidavit rebutting or establishing the mental state" of Robert or Stephanie. Plaintiff, however, filed no affidavit with the trial court stating reasons why plaintiff could not "present by affidavit facts essential to justify [its] opposition" to defendants' motion. Rule 74.04(f). Further, although the docket sheets reflect that interrogatories and requests for admissions were directed to Robert and Stephanie, that discovery is not a part of the record presented to us. Thus, we are unable to assess the discovery attempted by plaintiff during the eleven months this matter was pending.

■ In light of plaintiff's failure to file counter affidavits under Rule 74.04(e) and (f), defendants' assertion that Stephanie received no notice is deemed admitted. *Wingo*, 726 S.W.2d at 807. Thus, no genuine issue of material fact remained as to the lack of service of notice on Stephanie.

Plaintiff cites *Advance Concrete & Asphalt Co. v. Ingels*, 556 S.W.2d 955, 957–958 (Mo.App.W.D.1977) as supporting a theory that possibly Stephanie gave Robert a "limited" agency for the special purpose of subjecting her interest to a mechanic's lien. It contends in its reply brief that the "agency issue is implicit throughout all of [its] pleadings."

■ We note, however, that in none of plaintiff's four petitions did it plead that Robert was an agent of Stephanie. Nor do "agent," "agency," or any words alleging or implying such a relationship appear in the pleadings. Plaintiff does allege that Stephanie is the wife of Robert. Agency, however, will not be inferred from the marital relationship alone. *Dickey Co., Inc. v. Kanan*, 537 S.W.2d 430, 434 (Mo.App.S.D. 1976).

In passing, we observe that there are cases where both the husband and wife were not *personally* served with the mechanic's lien notice. They do not, however, aid plaintiff. In *H.B. McCray Lumber Co. v. Standard Const. Co.*, 285 S.W. 104, 106–107 (Mo.App.W.D.1926), the notice was addressed to both husband and wife. It was left with wife, as authorized by what is now § 1.190. Such notice and service were sufficient as to husband. And in *R.D. Kurtz v. Field*, 14 S.W.2d 9, 10–11 (Mo. App.E.D.1929), the return of service showed personal service on husband. Further, a copy of the notice was left with husband for wife. Service of notice was held sufficient on both husband and wife.

■ Here, the notice was addressed solely to "Robert Doerr." The return of service shows that the notice was served personally on Robert. Stephanie is not mentioned in either the notice or the return of service. Accordingly, the trial court did not err in concluding that no genuine issue of material fact remained with respect to the lack of service of notice on Stephanie.

Point denied.

## II. Robert Doerr

■ Plaintiff's second point alleges the trial court erred in sustaining Robert's summary judgment motion and nullifying plaintiff's mechanics lien.

Following the trial court's dismissal of Stephanie as a defendant, Robert filed another motion for summary judgment. In the motion he asserted that his attached affidavit showed that the property against which plaintiff was seeking a lien, "has always been solely owned by Defendants Robert and Stephanie Doerr, husband and wife, as tenancy by the entirety."

As plaintiff correctly points out, however, Robert's affidavit does not state that defendants owned the property as tenants by the entirety. That allegation of tenants by the entirety ownership appears only in the motion. The motion is signed by Robert's attorney; it is not signed or acknowledged by Robert. Thus, no affidavit in the

record supports that assertion made in Robert's motion.

The record does not permit a finding that the property was held as a tenancy by the entirety. A genuine issue of material fact, therefore, remained. Accordingly, we reverse and remand that part of the trial court's judgment sustaining Robert's motion for summary judgment on plaintiff's mechanic's lien claim and nullifying plaintiff's mechanic's lien.

A determination of whether the property was held as a tenancy by the entirety is necessary, because "[n]o unilateral act of one spouse can divest the other's interest, so that entirety property cannot be levied on to satisfy the individual debt of one spouse." *United States Fidelity and Guar. Co. v. Hiles*, 670 S.W.2d 134, 137 (Mo.App.E.D.1984).

■ Thus, if Robert and Stephanie owned the property as tenants by the entirety, Stephanie's dismissal from the suit would nullify the lien on the tenancy property. *Cf. Turner v. Hoffmeier*, 690 S.W.2d 188 (Mo.App.E.D.1985) (Wife contracted for repairs to defendants' house. Husband, however, had no involvement, contractual or otherwise, with contractor's repairs. Judgment enforcing a mechanic's lien on tenancy by the entirety property reversed).

■ We note that plaintiff sought a personal judgment against Robert. Robert's affidavit, however, denied the existence of a contract with plaintiff or any agreement to pay plaintiff. Again, plaintiff failed to file a counter affidavit responding to Robert's statement. As such, the record supports a finding that plaintiff and Robert did not enter into a contract for the foundation work. Since Robert never agreed to pay the subcontractor, he is not personally indebted to plaintiff. *Grgic v. Cochran*, 740 S.W.2d 358, 360 (Mo.App.E.D.1987). We affirm that part of the summary judgment dismissing plaintiff's claim for a personal judgment against Robert.

### III. Unjust Enrichment

Plaintiff's final point alleges the trial court "erred in sustaining defendants' motion for summary judgment as to count III ... based on unjust enrichment and in dismissing said count...."

■ Defendants' motion for summary judgment and Robert's supporting affidavit asserted that at the time the general contractor stopped working on defendants' property, defendants paid the general contractor "$16,295, which was more than payment in full for the work prior to that time." Plaintiff did not file a counter affidavit. Rule 74.04(e). Thus, the assertion that defendants paid the general contractor for the improvements is deemed admitted. *Wingo*, 726 S.W.2d at 807.

■ "Where the owner of the property has paid the contractor for the improvements there is nothing unjust about the owner's enrichment." *Lee Bros. Contractors v. Christy Park Baptist Church*, 706 S.W.2d 608, 609 (Mo.App.E.D.1986). There was no genuine issue of material fact regarding payment to the general contractor; plaintiff's final point is denied.

The judgment is affirmed in part, reversed in part, and remanded.

SATZ, P.J., and SMITH, J., concur.