**Virginia H. BARNETT, Plaintiff-Respondent,**

v.

**William C. BARNETT, Defendant-Appellant.**

No. 32332.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1967.

Motion for Rehearing Denied March 17, 1967.

**2**

William C. Barnett, St. Louis, for defendant-appellant.

Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Theodore C. Traeger, William T. Euwer, Clayton, for plaintiff-respondent.

TOWNSEND, Commissioner.

In her petition for divorce plaintiff alleged the marriage of the parties in 1933 "and that from and after" that date "plaintiff and defendant have lived together as wife and husband." Defendant moved to dismiss on the ground that the petition alleged that the parties "are still living together as wife and husband". (No ruling upon that motion was ever made). Thereupon plaintiff filed her amended petition, the pertinent part of which alleged that for more than one year the parties had not cohabited and had not lived as husband and wife but had lived separate lives in the same household. Plaintiff prayed for alimony, custody of minor children, attorney's fees and costs.

Defendant moved for summary judgment on the ground that the allegations of the original and amended petitions were contradictory, that one must be false, that plaintiff had made a false affidavit and hence had shown that she is a person who cannot be believed under oath and that having sworn falsely she cannot meet the requirement of being an innocent party. On the next day plaintiff filed her motion for alimony pendente lite, attorney's fees

and costs. The latter motion and defendant's motion for summary judgment were heard at the same time.

The motion for summary judgment was overruled; the motion for alimony pendente lite was sustained and defendant was ordered to pay plaintiff fifteen dollars per week, as well as two hundred fifty dollars for attorneys' fees, seventy-five dollars for depositions and fifty dollars court costs. Defendant's motion for new trial was based principally upon his charge of fraud, deceit and perjury practiced by plaintiff. He assigned also failure of proof by plaintiff and the existence of a just defence. A hearing was had on the motion for a new trial, at which defendant introduced evidence over plaintiff's objection. From judgment overruling defendant's motion for a new trial he appeals.

While the order overruling the motion for summary judgment is not subject to appeal (Lawrence County on Behalf of Tunnell v. Johnson, Mo., 269 S.W. 2d 110; Agin-Feeley Services, Inc. v. Industrial Commission, Mo.App., 389 S.W. 2d 416), the record made in relation thereto is part of the whole record in the present proceeding and we first look thereto for matters material to the errors assigned by defendant. Plaintiff filed her affidavit in opposition to the motion for summary judgment and explained the alleged inconsistency between the allegation of her two petitions by stating:

"1. That plaintiff and defendant have occupied the same house during their married life but since on or before the fourth day of October, 1963, they have not had marital relations;

2. That defendant has constantly remained away from the home for short periods of time returning only on occasions early in the morning to sleep and has in effect separated himself from plaintiff but is still the husband of plaintiff and does live in said household on occasion, and since the 7th day of

February 1965, defendant has not slept in said home."

■ Under such circumstances we cannot say that plaintiff's verification of her original petition sustains defendant's charge of fraud and deceit. The relevant allegation of that petition—"that from and after the date of said marriage plaintiff and defendant have lived together as wife and husband"—was plainly inadequate to the situation and might have justified the sustaining of the motion to dismiss if that motion had ever been called for hearing. But to attempt to use it and the amended petition in combination as the basis for an accusation of fraud, deceit and perjury is fatuous.

At the hearing on the motion for alimony pendente lite on March 10, 1965, plaintiff testified that she was then employed part-time by Volunteer Film Association and that her take-home pay therefrom would be about ninety-five dollars every two weeks; this employment began March 1, 1965. She had previously worked part-time for Porter Paint Company at $1.75 per hour, selling wall-paper. "I worked one day a week, two days the next week." Upon cross-examination the following questions and answers were had:

"Q Employment is still available to you at Porter Paint, is it not?

A Only part-time.

Q In other words you are working half-time at Volunteer Film and the other half of the time is available to you at Porter, is that correct?

A No.

Q Why not?— A Because they have other employees."

■ The hearing on defendant's motion for new trial was held on May 26, 1965. Mr. Gibbons, a branch manager for Porter Paint Company, was called by defendant. Plaintiff objected to the admission of any new evidence. The court reserved its ruling and the witness proceeded to testify. Defendant's brief under his Point II asserts as error the court's failure to rule and insists that oral testimony may be presented in connection with a motion for new trial. (Supreme Court Rule 78.03, V.A.M.R.). Mr. Gibbons' testimony is set forth in full in the transcript and, as plaintiff's brief contends, the net effect was that the court admitted the testimony for the purpose of ruling on the motion. We agree with defendant that this testimony was clear, cogent and of great probative value; his conclusion that "it should have been utilized in a timely and favorable ruling on defendant's motion" cannot be accepted.

Mr. Gibbons testified that at the beginning of March 1965, he knew that plaintiff was going to work for his company less time than had theretofore been the case because of her new employment and requested her to give them as much time as possible during the first week of March 1965 in order that they might get their stores fully staffed, and that after the first week in March he had not requested her to work more than one day a week— "just one Saturday." "She is now on a schedule of one day a week, on Saturday." From his personnel records the witness testified that plaintiff worked 31½ hours in the two-week pay period ending March 19. After March 10, the day of the hearing on motion for alimony pendente lite, and until the end of the pay period on March 19, she worked fourteen hours including eight hours on Saturday, March 13. For subsequent periods his testimony showed the following record of hours worked by plaintiff:

For two-week period ending April 2, 1965—no hours

For two-week period ending April 16, 1965—16 hours (two Saturdays)

For two-week period ending April 30, 1965—no hours

For two-week period ending May 14, 1965—16 hours (two Saturdays)

For two-week period ending May 28, 1965—16 hours (two Saturdays)

To sustain his charge that plaintiff knowingly gave false testimony as to her employment, defendant read into the record portions of the testimony given by plaintiff at the hearing on her motion for alimony pendente lite. We detect therein no false testimony by plaintiff insofar as relates to her employment status on the date when she testified or as to her future employment arrangements. The only inaccuracy which we discern is found in her statement, when testifying as to her *past* part-time employment, that "I worked one day a week, two days the next week." For a two-week period this should have resulted in her working twenty-four hours. The testimony of defendant's witness Gibbons showed that in the pay period ending February 5, 1965, plaintiff worked for Porter Paint Company 30 hours and in the period ending March 5, 1965, she worked 31½ hours. However for the period ending February 19, 1965, she worked no hours. And so for three successive two-week periods, instead of working a total of seventy-two hours, his testimony shows that she worked a total of only 61½ hours. The misrepresentation so made by her above quoted statement presented her situation in a light less favorable to her than the facts justified, although the difference is only a slight one. We cannot regard this inaccuracy as other than inadvertent and unintentional and certainly immaterial. It gives no support to defendant's charge that "Plaintiff knowingly gave false testimony as to her employment."

▪ Evidence of the plaintiff's needs and of defendant's ability to pay is quite sufficient to support the trial court's order.

Defendant's assignments of error are found to be wholly unsubstantiated and

accordingly the order appealed from must be affirmed.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.