**Richard WILSON, Respondent,**

v.

**Carroll HUNGATE, M.D., Appellant.**

**No. 53392.**

Supreme Court of Missouri,
Division No. 2.

Dec. 9, 1968.

---

3. See Webster's Third New International Dictionary, p. 303.

John G. Crighton, Ben W. Morse, Crighton & Morse, North Kansas City, for respondent.

John M. Kilroy, Robert R. Raymond, John R. Caslavka, Shughart, Thomson & Kilroy, Kansas City, for appellant.

BARRETT, Commissioner.

By this action the plaintiff, Richard Wilson, seeks to recover $400,000.00 damages for personal injuries. The defendants are Ford Motor Company and Dr. Carroll Hungate and in brief, as appears from the pleadings and interrogatories, these are the alleged circumstances: On July 25, 1964, Wilson was working on Ford's assembly line at Claycomo and arising out of and in the course of his employment received an accidental injury for which he made claim and was paid workmen's compensation. Dr. Hungate was the plant physician for Ford Motor Company and was at least one of the doctors treating Wilson for his plant-sustained injuries. Subsequently, December 1, 1964, allegedly by reason of "having blackouts" as a result of his prior accident and injury when a motor was dropped on his head, Wilson went to the first-aid dispensary and Dr. Hungate prescribed and gave him certain yellow pills. Wilson went to his home in Excelsior Springs and in the course of the trip took two of Dr. Hungate's pills. Thereafter, about midnight, he alleges as he drove his automobile in a

westerly direction on a township line road "he became totally unconscious," lost control of his motor vehicle and was again injured when his automobile left the road and struck a "tree stump." For this latter injury Wilson also made claim for compensation against his employer Ford Motor Company stating that he was being treated by Dr. Hungate, "company doctor," for his July 25, 1964, accident when thereafter the doctor prescribed an "extra strong narcotic" causing him to suffer a seizure and the loss of control of his automobile. Upon a hearing of the second claim for compensation a referee found "that said accident did not arise out of or in the scope and course of his employment" and accordingly compensation was denied on October 27, 1966, and there was no appeal from that award.

Thereafter, on November 2, 1966, this action was instituted. Ford Motor Company, setting forth the facts concerning the claims for compensation alleged that Wilson's injuries and damages were within the exclusive jurisdiction of the compensation commission and upon the pleadings and exhibits moved for summary judgment. The court, without stating reasons or making a finding of facts, sustained Ford's motion for summary judgment and as to Ford dismissed plaintiff's action. Dr. Hungate also stating the facts of the two compensation claims moved for summary judgment alleging that as to him plaintiff's cause of action for negligent treatment was likewise res adjudicata, because, the doctor asserts, the referee's finding necessarily found that Wilson's last accident did not arise out of and in the scope of his employment and particularly "that there was no proximate cause between the treatment given plaintiff by Carroll Hungate, M.D., and plaintiff's accident of December 1, 1964." The trial court overruled Dr. Hungate's motion for summary judgment and he has appealed from that order.

■ Upon the doctor's appeal it is here argued that the findings of the compensation referee "together with the finding of the trial court in sustaining the motion of Ford Motor Company for summary judgment that there was no causal relationship between the alleged treatment given respondent by appellant and respondent's accident of December 1, 1964" constituted an adjudication upon those facts upon the merits of the action barring plaintiff's right of recovery. In this connection it is pointed out that Wilson did not appeal from either the ruling of the referee or the court's order sustaining Ford's motion for summary judgment and in "the interest of manifest justice and to avoid plain error" it is contended that this court should direct the entry of a summary judgment and thereby terminate this litigation.

■ It is neither necessary nor desirable to enter upon a full consideration of any cause of action Wilson may have against Dr. Hungate, it is sufficient to note that in addition to other allegations concerning the doctor plaintiff alleged "That the defendant Carroll Hungate *individually* and as servant, agent and employee of defendant Ford Motor Company, *negligently, carelessly and unskillfully conducted himself and failed to use ordinary skill and care in the prescribing of said capsules* and in informing the plaintiff that it was safe for him to drive, well knowing that the reaction to the medicine and/or his physicial condition would probably result in unconsciousness." (Emphasis supplied.) It is not necessary to characterize these allegations or to indicate whether in the end plaintiff may or may not sustain his claim. The appellant's argument and contention ignores § 287.150 RSMo 1959, V.A.M.S. of the compensation law safeguarding to the injured employee his rights when "if for any valid reason, the accident is not covered by the Act, then the common law action, if negligence can be shown, remains unaffected by the Compensation Act and available as a remedy for the injured person. In other words, the Compensation Act is not supplemental of the common law, but is wholly substitutional." Sheen v. DiBella, Mo.App., 395 S.W.2d 296, 298. In this connection all that need be noted here is that malpractice

is a common law tort. 41 Am.Jur. (Physicians and Surgeons) § 79, p. 198. In 1950 the court en banc adopted this applicable rule in connection with "third parties" within the meaning of § 287.150: "Malpractice on the part of a physician aggravating an original injury is not necessarily such an intervening act as to break the chain of causation between the original injury and the ultimate result, the aggravation being regarded as a probable consequence of the original injury * * * and that such *malpractice is, at the same time, sufficiently independent of the original injury to give rise to a cause of action against the physician tort-feasor.*" Schumacher v. Leslie, 360 Mo. 1238, 1245, 232 S.W.2d 913, 917. And this, it may be added, is the general rule: 2 Larson, Workmen's Compensation, § 72.61, p. 186; 101 C.J.S. Workmen's Compensation § 1043, p. 624; 58 Am.Jur. (Workmen's Compensation) § 279, p. 776. As stated, this is not to indicate an opinion upon the merits of any cause plaintiff may have, it is however to indicate that "as a matter of law" and "by unassailable proof" Dr. Hungate was not entitled to a summary judgment. Civil Rule 74.04, V.A.M.R.

 Having thus indicated that the trial court did not as a matter of law err in denying Dr. Hungate's motion for summary judgment it remains to consider his conduct in appealing from the order denying his motion. And, almost without exception, it has been held that "an order denying a motion for summary judgment is not appealable, on the ground that such an order is merely interlocutory and not final for purposes of appeal." Annotations 17 L.Ed.2d 886, 887; 15 A.L.R.3d 899, 903; 4 Am.Jur.2d (Appeal and Error) § 104, p. 622. Strangely enough there are no Missouri cases precisely in point although one case has correctly noted the general rule. Barnett v. Barnett, Mo.App., 413 S.W.2d 1, 2. However, the rationale of the rule of an appeal from a *"final judgment"* (§ 512.-020 RSMo 1959, V.A.M.S.) only has always been a part of this court's appellate jurisprudence. The rule is one of policy, against piecemeal appeals. In a sense, too, an order denying a motion for summary judgment is "interlocutory," that is as opposed to "definitive" or "final." 47 C.J.S. Interlocutory p. 85. Since, in the circumstances of this case, the order overruling the motion for summary judgment was not a final appealable judgment the appeal is dismissed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.