STATE ex rel. MISSOURI DIVISION OF TRANSPORTATION, Appellant,

v.

SURE–WAY TRANSPORTATION, INC., Respondent.

No. WD 48622.

Missouri Court of Appeals,
Western District.

Aug. 30, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1994.

---

which was taken with the case is denied.

David E. Woodside, Gen. Counsel, Mo. Div. of Transportation, Jefferson City, for appellant.

James C. Swearengen, Sondra B. Morgan, Jefferson City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

The Missouri Division of Transportation seeks penalties against Sure–Way Transportation, Inc., for violations of § 387.100, RSMo 1986. The Division's administrative law judge determined that the Division had established cause to seek penalties against Sure–Way,[1] and the Division filed a suit for penalties with the Boone County Circuit Court pursuant to § 390.156, RSMo 1986.[2]

The Division filed a motion for partial summary judgment and a motion for complete summary judgment with the trial court contending that the ultimate issue of whether Sure–Way violated § 387.100 was conclusively determined against Sure–Way by the Division's administrative law judge; therefore, Sure–Way was collaterally estopped from re-

---

1. This court found that the administrative law judge's decision that Sure–Way violated § 387.-100 by charging less than the minimum dump truck tariff was supported by competent and substantial evidence. *State ex rel. Sure–Way Transp., Inc. v. Div. of Transp. Dep't of Economic Dev.*, 836 S.W.2d 23 (Mo.App.1992) (*Sure–Way I*).

2. That statute provides, "An action to recover a penalty ... may be brought in any circuit court in this state in the name of the state of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the division."

litigating the issue in the penalty actions. The trial court denied the Division's summary judgment motions, and the case proceeded to trial.

Following the entry of judgments in favor of Sure–Way in the penalty actions, the Division appeals. It asserts that the trial court erred in denying its motions for partial summary judgment and for complete summary judgment. It also contends that the trial court erred in applying the law and taxing costs against it in the final judgment.

The Division's first two points on appeal provide:

I. The Circuit Court orders dated 27 October 1992 which overruled the state's motion for partial summary judgment dated 1 October 1992 erroneously applied the law, because there was no genuine issue of material fact as to whether Sure–Way committed violations of § 387.100, RSMo 1986, and the state was entitled to a partial summary judgment on that issue as a matter of law, in that the ultimate issue of whether Sure–Way violated § 387.100, was conclusively determined against Sure–Way by MoDOT's administrative decisions, which found that Sure–Way had charged unlawful rates in violation of § 387.100, and which collaterally estopped Sure–Way from relitigating that issue in the subsequent penalty suits.

II. The Circuit Court orders dated 16 December 1992 which overruled the state's motion for complete summary judgment dated 23 November 1992, and the final judgments dated 23 September 1993, erroneously applied the law, because there was no remaining genuine issue of material fact, and the state was entitled to a complete judgment as a matter of law, in that:

(A) The ultimate issue of whether Sure–Way violated § 387.100, RSMo 1986, was conclusively determined against Sure–Way by MoDOT's administrative decisions, which found that Sure–Way had charged unlawful rates in violation of § 387.100, and which collaterally estopped Sure–Way from relitigating that issue in the subsequent penalty suits; and

(B) When the state moved for complete summary judgment, there was no remain-ing genuine issue of material fact as to what the amount of the civil penalty should be, because the state's second amended petition limited its prayer for relief to seek only the minimum civil penalty amount prescribed by § 390.176, RSMo 1986, and the state was entitled to a judgment for no less and no more than that minimum statutory penalty.

█ Denial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment. *Kabir v. Missouri Department of Social Services*, 845 S.W.2d 102, 103 (Mo.App.1993); *Chism v. Steffens*, 797 S.W.2d 553, 557 (Mo.App.1990); *Farmers and Merchants Insurance Company v. Cologna*, 736 S.W.2d 559, 569 (Mo.App.1987).

This court recognizes, as the Division points out, that this court's Eastern Division held in *Sharpton v. Lofton*, 721 S.W.2d 770 (Mo.App.1986), that a denial of a summary judgment motion is reviewable after a final judgment has been rendered in a case. The court stated:

Defendants Lofton contend that the order overruling the request for partial summary judgment is not appealable. That is the usual rule. *Parker v. Wallace*, 431 S.W.2d 136, 137 (Mo.1968) and *Guthrie v. Reliance Construction Company, Inc.*, 612 S.W.2d 366, 368 (Mo.App.198[0]). The reason for this general rule is that only final judgments disposing of all parties and all issues are appealable. Section 512.020 RSMo 1978. However, in the present case, plaintiffs preserved the claim of error in their motion for new trial and bring the issue after trial and after final judgment. We discern no reason why the denial of a motion for summary judgment cannot be preserved and support a claim of error of law after final judgment. If plaintiffs were entitled to partial summary judgment on undisputed facts and as a matter of law when their motion was overruled, then they are entitled to preserve the error. Otherwise, a party who fails to oppose a motion for summary judgment receives the

benefit of a ruling which is wrong as a matter of law when entered.

*Id.* at 774. The *Sharpton* court, however, cites no authority for its rule; hence, we feel constrained to follow the majority view of the other cases.

The Division also relies on *Wilson v. Hungate,* 434 S.W.2d 580 (Mo.1968), in support of its contention that a denial of a summary judgment motion after a final judgment is reviewable. In *Wilson,* the Supreme Court stated:

> [A]lmost without exception, it has been held that "an order denying a motion for summary judgment is not appealable, on the ground that such an order is merely interlocutory and not final for purposes of appeal." Annotations 17 L.Ed 886, 887; 15 A.L.R.3d 899, 903; 4 Am.Jur.2d (Appeal and Error) § 104, p. 622. Strangely enough there are no Missouri cases precisely in point although one case has correctly noted the general rule. *Barnett v. Barnett,* Mo.App., 413 S.W.2d 1, 2. However, the rationale of the rule of an appeal from a *"final judgment"* (§ 512.020, RSMo 1959, V.A.M.S.) only has always been a part of this court's appellate jurisprudence. The rule is one of policy, against piecemeal appeals. In a sense, too, an order denying a motion for summary judgment is "interlocutory," that is as opposed to "definitive" or "final." 47 C.J.S. Interlocutory p. 85. Since, in the circumstances of this case, the order overruling the motion for summary judgment was not a final appealable judgment the appeal is dismissed.

*Id.* at 583 (emphasis in the original). The Division urges us to conclude from *Wilson* that the Supreme Court was drawing a distinction between an interlocutory order denying a motion for summary judgment and an appeal from a denial after a final judgment has been entered.

In *Wilson,* the Supreme Court was not faced with an appeal from a denial of a motion for summary judgment after a final judgment; hence, it is not helpful in resolving this case. In *Parker v. Wallace,* 431 S.W.2d 136 (1968), however, the Supreme Court did consider an appeal from a denial of a motion for summary judgment after a final judgment. In that case, the court concluded:

> The matter of the propriety of the court's action in *overruling* a motion for summary judgment is not an appealable order. ... Upon that ruling, the issues raised by the pleadings are still in the case, and it is upon those issues, when decided and if timely and properly presented, that an appeal lies.

*Id.* at 137–138 (emphasis in the original). We are bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2 (1945); *Farmers & Merchants Insurance Co.,* 736 S.W.2d at 570. We conclude, therefore, that we should not review the Division's first point relied on or its second point to the extent that it is contending that the trial court erred in denying the motions for summary judgment.

▮ The Division's second point relied on, however, also appeals from the final judgment and asserts that the trial court erred in applying the law. It argues that the Division's administrative law judge's decision that Sure–Way had violated § 387.100 was conclusive and that Sure–Way is collaterally estopped from relitigating that issue in the penalty action.

The only evidence offered by the Division at trial was the records and decisions of the Division's administrative law judge, the Cole County review of those decisions, the decision of this court in *Sure–Way I,* and the denial of transfer of *Sure–Way I* to the Missouri Supreme Court. Neither party requested that the circuit court issue findings of fact and conclusions of law; therefore, we must consider all factual issues to have been found in accordance with the result reached and sustain the judgment of the trial court if the result is correct on any tenable basis. *Orthotic and Prosthetic Lab, Inc. v. Pott,* 851 S.W.2d 633, 639 (Mo.App.1993).

▮ We must affirm the judgment unless it is not supported by substantial evidence, or it is against the evidence's weight, or unless the trial court erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The Division asserts the latter.

It argues that the final decisions of its administrative law judges are conclusive under § 386.550, RSMo 1986,[3] which provides, "In all collateral actions or proceedings the orders and decisions of the commission which have become final shall be conclusive." This statute is not applicable to these type of penalty proceedings.

The Division's lawsuit was not collateral to the hearing before its administrative law judge; it was an extension and second step to that proceeding. A collateral action or proceeding is a separate, independent action. *State ex rel. City of St. Louis v. Public Service Commission of Missouri,* 329 Mo. 918, 47 S.W.2d 102, 105 (banc 1931). A collateral action or proceeding is "[a]ny action which is subsidiary to another action." BLACK'S LAW DICTIONARY 261 (6th ed. 1990). Hence, the circuit court was not bound by § 386.550.

Moreover, on August 28, 1993, § 516.103, RSMo Cum.Supp.1993, became effective.[4] This new statute says, "An administrative order authorizing the commencement of any ... suit [for a penalty] shall not be considered as evidence of the violations alleged in any such suit."

 Section 516.103 means what it says: an administrative law judge's decision autho-

rizing the Division's general counsel to file a penalty action is not conclusive to the issue of whether the carrier has violated the law and is subject to penalty.[5] The Division's point is without merit.

In its last point, the Division contends that the trial court erroneously applied the law by assessing costs against it in the final judgment. We agree.

■ Without statutory authority, court costs cannot be recovered in state courts from the state or its agencies or departments. *Richardson v. State Highway and Transportation Commission,* 863 S.W.2d 876, 882 (Mo. banc 1993). The trial court erred in assessing costs against the Division, and we remand for the trial court to amend its judgment to eliminate this error.

All concur.

---

**3.** This section is applicable to the Division pursuant to § 622.015, RSMo 1986.

**4.** The trial in this case was held on September 15, 1993, so the new statute applied.

**5.** We recognize the statute greatly diminishes the significance of the hearing before the Division's administrative law judge. Sure–Way defended the process as a "weeding out" process, but we fail to understand why these cases, contrary to any other lawsuits initiated in circuit courts, need a special "weeding out" step. As we pointed out in *Sure–Way I,* 836 S.W.2d at 27, § 516.390 does not contemplate this special process; it is mandated by the judiciary. *State v. Carroll,* 620 S.W.2d 22 (Mo.App.1981). When the *Carroll* court announced the necessity for this special, extra step, it relied on *State ex rel. Cirese v. Ridge,* 345 Mo. 1096, 138 S.W.2d 1012 (banc 1940), in which the court stated that "matters within the *jurisdiction* of the [Division] must first be determined by it, in every instance, before the courts will adjudge any phase of the controversy," 138 S.W.2d at 1015 (emphasis added). The Ridge court was not considering a penalty action. Section 390.156 does not give jurisdiction

to the Division's administrative law judge to consider a penalty action. It requires that the Division prove its case before a circuit judge, not one of its administrative law judges. Moreover, the rationale of the Ridge court's decision is inapposite. The Ridge court was concerned that having two actions—one before the Division and one in circuit court—would be confusing because "different phases of the same case might be pending before the [Division] and the courts at one time, which would cause endless confusion." 138 S.W.2d at 1015. The Sure–Way dispute demonstrates clearly that confusion results, not from initiating a single action in circuit court, but by adding the step of a contested hearing before the Division. Following the clear intent of § 390.156 that a penalty action be initiated in circuit court, without involving the Division's administrative law judge, cures the confusion. Enactment of § 516.103 apparently renders the Division hearing merely a moot court for the proceeding to follow in circuit court. At the minimum, we question whether review by the Division's administrative law judge must be made in an adversarial hearing. However, because this issue is not before us, we leave that decision for another case.