Janet L. DAVIS, Petitioner/Respondent,

v.

Robert D. DAVIS, Respondent/Appellant.

No. 66754.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 17, 1995.

Robert S. Adler, Donna Aronoff Smith, Rothman, Sokol, Adler & Sarachan, P.C., St. Louis, for appellant.

William T. Quick, Clayton, for respondent.

KAROHL, Judge.

Robert D. Davis appeals trial court's denial of his motion for summary judgment on his motion to modify a dissolution decree. The court dissolved the marriage on January 31, 1992. Robert sought termination of his obligation to pay Janet maintenance following

her remarriage. Robert asserts the $600 is a maintenance award that should terminate upon Janet's remarriage. The trial court accepted her argument that the award was a marital debt which constituted part of the division of property, not maintenance. We affirm.

Robert and Janet entered into a separation agreement prior to the dissolution. They negotiated the agreement after consultation with attorneys. The separation agreement was incorporated into the decree of dissolution. The portions of the separation agreement in dispute are as follows:

6. *Maintenance.* Husband shall pay to Wife, as and for decretal maintenance, the sum of $350.00 per month, .... Said maintenance shall automatically cease in the event Wife dies or remarries.

7. *Real Estate.* The parties are joint owners of real estate located at 7378 Naples, City of Hazelwood, St. Louis County, Missouri....

Contemporaneous with the entry and recording of a Decree of Dissolution of marriage, Husband shall convey to Wife, by appropriate quit claim deed, all of his right, title and interest in and to the aforesaid real estate. Upon conveyance, Wife shall assume all taxes, utilities, insurance and mortgage obligations under the First Deed of Trust on such property and hold Husband harmless thereon.

As additional support to Wife, Husband shall assume and pay all mortgage obligations under the Second Deed of Trust on such property to Boatmen's National Bank of St. Louis, pursuant to the Home Equity Credit Line of the parties', and shall hold Wife harmless thereon, through December, 1996. With respect to said indebtedness, Husband shall make monthly payments on said Home Equity Credit Line in an amount not less than $600.00 per month until said indebtedness is fully paid and the Deed of Trust securing said indebtedness is released or until the end of December 1996, whichever first occurs, said payment being for the benefit of Wife and in the nature of support for her.

Robert filed a motion for summary judgment and memorandum in support of his proposed order. The motion was denied. On August 2, 1994, the trial court entered its order denying the motion to modify. It found the $600 per month constituted part of the division of property which was not subject to modification. It also found the payments were not statutory maintenance that would terminate upon Janet's remarriage. Section 452.370.2 RSMo 1986 (now Section 452.370.3 RSMo 1994).

■ Robert appeals the denial of his motion for summary judgment. Denial of a motion for summary judgment is not reviewable on appeal. *State ex rel. Missouri Division of Transportation v. Sure–Way Transportation, Inc.,* 884 S.W.2d 349, 351 (Mo.App. W.D.1994); *Chase Resorts, Inc. v. Safety Mutual Casualty Corporation,* 869 S.W.2d 145, 152 (Mo.App.E.D.1993). The rationale for this rule is that such an order does not constitute a final judgment for the purpose of appeal. *D.L. Erickson v. Pulitzer Publishing Company,* 797 S.W.2d 853, 857 (Mo.App. 1990). Point denied.

Robert's second point is the trial court erred in denying his motion to modify the dissolution decree after trial. Robert asserts the separation agreement referred to the $600 per month payment as being "for the benefit of Wife and in the nature of support for her," and as "additional support to Wife." He claims the payment represented additional maintenance for a limited period of time, presumably to assist Janet in reducing the amount of the second mortgage on the home.

Janet claims the payment represents a property division mechanism. The payment and references to the payments are located in paragraph 7 titled "Real Estate." That paragraph has a termination date of December 1996 or complete payment of the indebtedness, whichever occurs first. It does not contain a clause to extend the obligation to continue or to terminate upon the death or remarriage of Janet.

■ An obligation to pay maintenance automatically terminates upon the death of either party or the remarriage of the receiving party. Section 452.370.2 RSMo 1986 (now section 452.370.3 RSMo 1994). This automatic termination occurs where the decree and agreement are silent and there is nothing to rebut the statutory presumption of

termination. *Cates v. Cates,* 819 S.W.2d 731, 737 (Mo. banc 1991).

 The payment schedule negotiated by Robert and Janet represents a maintenance "in gross" award. Following *Cates,* maintenance "in gross" is no longer recognized as a tool for providing economic sustenance under § 452.335. *Id.* at 738. However, where parties have assumed that marital property may be distributed over time using payments similar to maintenance and the agreement is stated without ambiguity, such agreements must be upheld. *Id.* at 738. If the agreement indicates that it was founded on the economic need of the spouse or if the agreement is ambiguous, the trial court will determine the continued obligation to pay the maintenance following remarriage or death. *Id.*

 The trial court may examine extrinsic evidence in order to resolve the ambiguity in a separation agreement. *Id.; LaBarge v. Berndsen,* 681 S.W.2d 441, 444 (Mo. banc 1984) (*overruled on other grounds* by *Glenn v. Snider,* 852 S.W.2d 841, 843 (Mo. banc 1993)). Both Robert and Janet testified as to their intent in the separation agreement. The agreement contains confusing or ambiguous provisions where it contains: (1) a paragraph dedicated to *Maintenance;* (2) a paragraph dedicated to *Real Estate;* (3) the Real Estate paragraph contains language which disposes of the marital interest *and* provides "additional support to Wife." It does not specify whether the mortgage payment represents continued division of the marital property by husband's payment of a marital debt or additional maintenance to meet economic needs of the spouse terminating on death or remarriage. The dispute was on a matter of fact. There was substantial evidence for the trial court to resolve the dispute by deciding the deed of trust payments were in the nature of distribution of marital property and not modifiable.

We affirm.

REINHARD, P.J., and WHITE, J., concur.