**Bonnie A. BARTH, n/k/a Bonnie A. Roberts, Appellant,**

v.

**Robert D. BARTH, Respondent.**

No. 74729.

Missouri Court of Appeals, Eastern District, Division One.

March 9, 1999.

Robert S. Flavin, St. Louis, for appellant.

David G. Waltrip, Seth A. Albin, Clayton, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Wife, Bonnie Barth n/k/a Bonnie Roberts, appeals from the judgment of the trial court denying her motion to revive judgment entered against husband, Robert Barth, in a decree of dissolution. We affirm.

The marriage of husband and wife was dissolved in June 1989. As part of the decree of dissolution, the court awarded wife $134,176.65, which was denominated as maintenance in gross. Husband appealed from the decree of dissolution and this court affirmed in *Barth v. Barth*, 800 S.W.2d 127 (Mo.App. E.D.1990).

Husband filed for Chapter 7 bankruptcy in April 1994. In his bankruptcy petition, he listed wife as an unsecured creditor to whom he owed $85,000.00 and characterized the debt as "distribution of marital property." Wife received notice of husband's bankruptcy but did not respond. In August 1994, husband received a discharge from all dischargeable debts listed in the bankruptcy petition.

Thereafter, wife brought an action to revive the judgment under Rule 74.09. In his response to the motion, husband alleged the award of maintenance in gross in the decree of dissolution was intended to be a division of property and, as such, was dischargeable in bankruptcy. The trial court denied wife's motion for revival of judgment.

In wife's sole point on appeal, she contends the trial court erred in denying her motion to revive the judgment. Her argument is two-pronged: first, the maintenance in gross award was in the nature of support and was not dischargeable in bankruptcy; and second, there was no requirement that she file a claim to have the issue resolved in bankruptcy court.

■ We first address the dischargeability of the monetary award to wife in the decree of dissolution.

Under the Bankruptcy Code, a debt arising out of the division of marital property pursuant to a dissolution decree is dischargeable in a Chapter 7 bankruptcy. 11 U.S.C.A Section 523(a)(15). In contrast, a debt for the maintenance or support of the former spouse is not dischargeable. 11 U.S.C.A. Section 523(a)(5); *see also Winegarden v. Winegarden*, 316 N.J.Super. 52, 719 A.2d 678, 681 (1998).

Here, the trial judge in the decree of dissolution characterized the award to wife as "maintenance in gross." *Barth*, 800 S.W.2d at 129. With regard to the maintenance award, the decree provided in pertinent part:

[The] distribution of property shall be had on the basis of fifty-five percent (55%) to Wife and forty-five (45%) to Husband. As the value of the property distributed in [the division of marital property] is insufficient to meet this mandate, Husband shall pay to Wife as maintenance in gross the amount of ... ($134,176.65). Wife is to have a lien on all property distributed to Husband pursuant to this Order as security for this award of maintenance in gross....

It is clear from this language that the trial court wanted to effectuate a 55 percent–45 percent distribution of marital property between the parties. On appeal, this court

upheld the award finding, in part, that an award of maintenance in gross to achieve a balance in the distribution of marital property was proper. *Id.* at 129–130.

 The label attached to a monetary award in a dissolution decree is not the determining factor in resolving whether the award is dischargeable, rather it is the nature of the award as determined by its function that is controlling. *Winegarden,* 719 A.2d at 682; *Ellis v. Ellis,* 149 B.R. 927, 931 (Bankr.E.D.Mo.1993). Here, the award to wife, although labeled maintenance in gross in the dissolution decree, functioned as a further division of marital property. Because husband's obligation was not in the nature of spousal support, it was dischargeable in bankruptcy.

In addition, following the *Barth* decision, the Supreme Court of Missouri held that maintenance in gross was no longer a viable tool for providing economic sustenance to a spouse under the maintenance statute, section 452.335, RSMo (1986). *Cates v. Cates,* 819 S.W.2d 731, 735 (Mo. banc 1991). The court noted that "the dissolution of marriage statutes appear to contemplate a lump sum or gross payment only as a division of property." *Id.; see also Davis v. Davis,* 908 S.W.2d 163, 165 (Mo.App. E.D.1995). Wife's point is denied.[1]

In view of our holding, we need not address wife's second claim of error.

The judgment of the trial court is affirmed.

JAMES A. PUDLOWSKI, P.J. and CLIFFORD H. AHRENS, J., concur.

---

**1.** To the extent that *Barth,* 800 S.W.2d at 127, implies that an award of maintenance in gross is permissible under section 452.335, RSMo (1994), it should no longer be followed. *See Cates,* 819 S.W.2d at 731.