

# In the
# Missouri Court of Appeals
## Western District

HOLLY N. WATERS, )
            )
             **Appellant,** )    **WD82376**
            )
v. )    **OPINION FILED: October 8, 2019**
            )
DIRECTOR OF REVENUE, )
            )
             **Respondent.** )

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable Karen L. Krauser, Judge

Before Division One:  Cynthia L. Martin, Presiding Judge, Alok Ahuja, Judge and
Anthony Rex Gabbert, Judge

Holly N. Waters ("Waters") appeals from the trial court's judgment sustaining the Director of Revenue's suspension of her driving privileges.  Waters argues on appeal that the trial court erred in concluding that it did not have authority to hear and determine due process violations that allegedly took place at the administrative hearing.  Finding no error, we affirm.

**Factual and Procedural Background**[1]

On July 24, 2016, Waters was arrested at a checkpoint in Clay County, Missouri after exhibiting signs of intoxication. Following a breath test, Waters's driving privileges were suspended as a result of driving with a blood-alcohol content in excess of the legal limit set forth in section 302.505.1.[2] Waters filed a request for an administrative hearing to review the suspension of her driving privileges, and an administrative hearing officer for the Director of Revenue held a hearing on November 14, 2016. The hearing officer affirmed the suspension on November 21, 2016. Thereafter, Waters filed a timely petition for trial *de novo* pursuant to section 302.535 on November 30, 2016, in the Circuit Court of Clay County.

Waters filed a motion for summary judgment on November 20, 2017, asking the trial court to set aside the suspension of her license because the administrative hearing officer who presided over the administrative hearing violated Waters's "due process rights to a fair, impartial, and meaningful hearing conducted by [a] neutral hearing officer." Waters asserted that the administrative hearing officer violated her right to due process in two respects: (1) after learning from an unidentified clerk that the Director of Revenue's file did not contain a complete maintenance report,[3] the administrative hearing officer

---

[1]We view "'[t]he evidence and reasonable inferences drawn therefrom . . . in the light most favorable to the trial court's judgment and [disregard] all contrary evidence and inferences.'" *Boggs v. Dir. of Revenue*, 564 S.W.3d 693, 697 (Mo. App. W.D. 2018) (quoting *Rothwell v. Dir. of Revenue*, 419 S.W.3d 200, 203 (Mo. App. W.D. 2013)).

[2]All statutory references are to RSMo 2000 as supplemented through the date of Waters's arrest on July 23, 2016.

[3]"A maintenance report showing that a maintenance check was performed within 35 days prior to the driver's breath test is evidence of the foundational requirement that 'the test was performed according to approved techniques and methods on a reliable machine.'" *Carey v. Dir. of Revenue*, 514 S.W.3d 679, 683 (Mo. App. E.D. 2017) (quoting *Sellenriek v. Dir. of Revenue*, 826 S.W.2d 338, 340 (Mo. banc 1992)).

notified a member of his support staff of the deficiency, and the member of his support staff then obtained a complete copy of the maintenance report from the Missouri Department of Health and Senior Services' website and supplemented the Director of Revenue's file with it; and (2) over Waters's objections, the administrative hearing officer allowed the complete maintenance report to be admitted into evidence and then ruled that a breath test, which determined Waters's blood-alcohol concentration was in excess of the legal limit, was performed using properly functioning equipment by a licensed person before affirming the suspension of Waters's license.

The Director of Revenue filed a response in which it objected to the relevance of Waters's due process claims, given that a trial *de novo* is an original proceeding and none of the actions taken by the administrative hearing officer are before the trial court for review. The Director of Revenue further disputed Waters's contention that due process violations occurred at the administrative hearing. The Director of Revenue asserted that it was aware of no case law or statute that prohibits the Director of Revenue's file, which initially includes the report submitted by the officer to the Director of Revenue, from being supplemented for the administrative hearing.

After hearing arguments from counsel, the trial court denied Waters's motion for summary judgment. The trial *de novo* took place on July 23, 2018. Waters argued at the outset of the trial *de novo* that she believed that the trial court had authority to consider whether Waters's due process rights were violated during the administrative hearing and objected to the admission of the chemical breath test results in an attempt "to keep [the] issue alive." Further, Waters asked the trial court to admit into evidence the statement of

3

uncontroverted facts filed with her motion for summary judgment and the exhibits supporting those uncontroverted facts. The trial court received both into evidence. The Director of Revenue, in its pretrial requests, asked the trial court to make findings of fact and conclusions of law on the credibility of witnesses, and whether the Director of Revenue met its burden to show that probable cause existed to arrest Waters and to show that Waters had a blood-alcohol concentration in excess of the legal limit.

Following a trial in which the court received into evidence, *inter alia*, a copy of the alcohol influence report and the arresting officer's testimony, the trial court issued findings of fact, conclusions of law, and judgment sustaining the suspension of Waters's driving privileges ("Judgment"). The Judgment found the evidence adduced by the Director of Revenue credible, and concluded that there was probable cause to arrest Waters for an alcohol-related offense and that Waters was driving with a blood-alcohol concentration in excess of the legal limit.

Following the entry of Judgment, Waters filed a motion to set aside the Judgment ("motion to set aside") requesting, *inter alia*, that the trial court make findings of fact and conclusions of law regarding whether the trial court had authority to consider Waters's allegations that her due process rights were violated during the administrative hearing. During a hearing on Waters's motion to set aside, the trial court indicated that it would not modify the Judgment to include findings and conclusions on the issue because Waters failed to request those findings and conclusions during the trial *de novo*. The trial court also stated during the hearing that *de novo* review does not afford a trial court the authority

4

to review alleged errors during an administrative hearing. The trial court denied Waters's motion to set aside.

Waters appeals.

**Standard of Review**

We review the "'trial court's judgment in a driver's license revocation case . . . as any court-tried civil case.'" *Boggs v. Dir. of Revenue*, 564 S.W.3d 693, 696 (Mo. App. W.D. 2018) (quoting *Rothwell v. Dir. of Revenue*, 419 S.W.3d 200, 203 (Mo. App. W.D. 2013)). We will affirm the judgment from a court-tried case "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). While we defer to the trial court on issues of fact, including the resolution of contested evidence and credibility determinations, questions of law are reviewed *de novo*. *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010).

**Analysis**

Waters presents a single point on appeal. Waters argues that the trial court erred in denying her motion for summary judgment and in denying her continuing objection regarding the trial court's authority in a trial *de novo* to hear and determine her allegations of due process violations that occurred at the administrative hearing.[4] Waters does not ask

_____

[4]Waters's point on appeal asserts that "the trial court had the jurisdiction or authority in the trial de novo to hear and determine allegations of due process violations which occurred at the administrative level," and Waters refers to the trial court's jurisdiction in a trial *de novo* throughout her brief. [Appellant's Brief, p. 15] Any reference to whether the trial court has jurisdiction in a trial *de novo* is erroneous, as *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009), clarified that there are only two kinds of jurisdiction in Missouri, subject-matter and personal. *See also Ground Freight Expeditors, LLC v. Binder*, 359 S.W.3d 123, 126 (Mo. App. W.D. 2011) ("[An] application for trial de novo [is] a civil matter and, thus, technically a matter over which the [trial] judge had subject-matter jurisdiction").

us to determine whether a violation of her rights to due process took place during the administrative hearing. Instead, Waters simply asks us to determine "whether or not the [trial] courts . . . have the . . . authority to hear and determine due process violations which occur at the administrative level." [Appellant's Brief, p. 18]

Waters's point on appeal is flawed in two respects. First, Waters's point on appeal challenges two rulings by the trial court: the denial of her motion for summary judgment and the denial of her continuing objection. Rule 84.04(d)(1)[5] provides that each point on appeal shall "[i]dentify the trial court *ruling* or *action*" that the appellant challenges. (Emphasis added.) A point on appeal that challenges more than one trial court ruling or action is multifarious and preserves nothing for appeal. *LVNV Funding, LLC v. Mavaega*, 527 S.W.3d 128, 141 (Mo. App. W.D. 2017). Nevertheless, we exercise our discretion to review Waters's complaints *ex gratia*.

Waters's point on appeal is further flawed in that it challenges the trial court's denial of summary judgment. "Ordinarily, 'an order denying a motion for summary judgment is an interlocutory order and is not reviewable on appeal.'" *Id.* at 135 n.7 (quoting *K.C. Air Cargo Servs., Inc. v. City of Kansas City*, 523 S.W.3d 1, 5 (Mo. App. W.D. 2017)). Challenging the denial of summary judgment on appeal is improper "'even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment.'" *Gamble v. Browning*, 277 S.W.3d 723, 729-30 (Mo. App. W.D. 2008) (quoting *State ex rel. Mo. Div. of Transp. v. Sure-Way Transp., Inc.*, 884 S.W.2d 349, 351 (Mo. App. W.D.

---

[5]All rule references are to the Missouri Supreme Court Rules (2019), unless otherwise indicated.

1994)).  Challenges to the denial of a motion for summary judgment are impermissible because "[t]here are other procedural vehicles for preserving and raising [issues set forth in a motion for summary judgment] at trial through motions for directed verdict, objections to testimony, and/or jury instructions."  *Id.*  As such, we will not consider Waters's challenge to the trial court's denial of her motion for summary judgment.

We are left with Waters's contention that the trial court erred in denying her continuing motion that the trial court had authority to hear and determine her allegations of due process violations that occurred at the administrative hearing.  While the trial court made no findings regarding this subject in the Judgment, the trial court noted on the record during the hearing on Waters's motion to set aside that it believed it did not have the authority in a trial *de novo* to consider Waters's complaints about alleged due process violations that occurred during the administrative hearing.  The trial court's understanding of its role in a trial *de novo* was correct.

A driver who receives a notice of suspension of driving privileges "may make a request within fifteen days of receipt of the notice for a review of the [Director of Revenue's] determination at a hearing."  Section 302.530.1.  If the suspension is affirmed following the administrative hearing, the driver may file a petition for trial *de novo* in the circuit court of the county where the driver was arrested.  Section 302.530.7; section 302.535.  Section 302.535.1 provides that a trial *do novo* "shall be conducted pursuant to the Missouri rules of civil procedure and ***not as an appeal of the administrative decision*** pursuant to chapter 536."  (Emphasis added.)

7

This statutory scheme clearly contemplates that while a trial *de novo* follows an administrative hearing, a trial *de novo* is an original proceeding and is not designed or intended to review the underlying administrative proceeding for alleged error. *Folkedahl v. Dir. of Revenue*, 307 S.W.3d 238, 241 (Mo. App. W.D. 2010). The trial *de novo* is a "new, judicial proceeding, unfettered by factual findings or legal conclusions rendered in an administrative tribunal." *Jarvis v. Dir. of Revenue*, 804 S.W.2d 22, 24 (Mo. banc 1991). Thus, the court may not "consider or base its decision upon the evidence presented at the administrative hearing or the findings of the hearing officer." *Jenkins v. Dir. of Revenue*, 858 S.W.2d 257, 261 (Mo. App. W.D. 2013). "[T]he statutory procedure permits [the driver] to start anew in her attack on the [Director of Revenue's] order suspending her driving privilege." *Jarvis*, 804 S.W.3d at 24. "[The driver's] strategy may change; she may present new evidence; she may confront the [Director of Revenue's] witnesses again with renewed vigor . . . ." *Id.*

Thus, a driver's complaints about the outcome of, or evidence admitted during, an administrative hearing which results in the suspension of the driver's license are irrelevant during a trial *de novo*. The driver has the opportunity during the trial *de novo* to object anew to the admission of evidence, and in doing so to raise any relevant complaints about the foundation for or authenticity of the evidence. Challenges, however, alleging due process violations during the administrative hearing are outside the scope of the trial court's statutory charge in a trial *de novo*.[6]

---

[6]This result is consistent with the results reached in cases addressing a circuit judge's authority when sitting *de novo* following proceedings before an associate circuit judge or the small claims court. *See, e.g., KNT Mgmt., LLC v. Flenoid*, 419 S.W.3d 897, 901 (Mo. App. E.D. 2014) (noting that a circuit court does not take a case not

8

Waters's point on appeal is denied.

**Conclusion**

The Judgment is affirmed.[7]

_Cynthia L. Martin_
Cynthia L. Martin, Judge


All concur

---

heard on the record by an associate circuit judge for "appeal," but instead, for a trial *de novo*, and as a result does not sit "as an appellate court to assess claims of error in the original proceedings before the associate circuit judge"); *Killerson v. American Bankers Ins. Co. of Florida*, 733 S.W.2d 442, 444 n.4 (Mo. banc 1987) (noting that a circuit judge under section 482.365 takes a case from the small claim court for trial *de novo*, not appeal, and thus does not sit "as an appellate court to assess claims of error in the proceedings of the small claims court").

[7]Waters's motion for attorneys' fees pursuant to section 302.536, filed just prior to oral argument in this case, and taken with the case, is therefore denied, as Waters has not prevailed on appeal.